UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **THERESA ACUNA AND** | § | |
| **ASHLEY ACUNA,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:20-cv-01102** |
| | § | |
| **COVENANT TRANSPORT, INC., CTG,** | § | |
| **LEASING COMPANY, AND CHARLES** | § | |
| **JAMES LEACH,** | § | |
| *Defendants.* | § | |

## DEFENDANTS COVENANT TRANSPORT, INC.'S NOTICE OF REMOVAL

Defendants Covenant Transport, INC., CTG Leasing Company ("Covenant"), hereby removes this lawsuit which is currently pending in the District Court of the 285th Judicial District of Bexar County Texas, Cause No. 2020-CI-15466, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §§ 1441 and 1446. In support, Defendant would respectfully show as follows:

**I.**
### FACTUAL BACKGROUND OF STATE COURT ACTION

1.      On or about August 17, 2020, Plaintiffs filed their Original Petition in the matter styled *Theresa Acuana and Ashley Acuna vs. Covenant Transport, INC., CTG Leasing Company, and Charles James Leach* Cause No. 2020CI15466, in the 285th Judicial District Court in Bexar County, Texas (hereinafter referred to as "State Court Action") *See* Exhibit A.

2.      The State Court's Docket Sheet is attached here as Exhibit B.

3.      Covenant was served with Plaintiff's Original Petition on August 26, 2020. *See* Exhibit A.      CTG Leasing is the same entity as Covenant.

{00324103}

4.      In this Petition, Plaintiffs allege a vehicle operated by Charles James Leach ("Leach"), an alleged employee of Covenant, allegedly struck the passenger door of Plaintiff's vehicle.  *See* Exh. A, ¶ 8.

5.      Plaintiffs assert causes of action for negligence, and negligence *per se* against Leach, and negligence via respondent superior, negligence against Covenant and alleges that Covenant committed negligent hiring, negligent entrustment, negligent training, negligent driver qualifications, negligent training and supervision, negligent retention, negligent contracting, negligent maintenance, and providing unsafe equipment.   Further, Plaintiff asserts a gross negligence claim against both Defendants Leach and Covenant.  *See* Exh. A, ¶ 10—30.

6.      Plaintiffs allege they sustained physical injuries caused by this accident. *See* Exh. A, ¶¶ 32-33.  In addition, Plaintiff seeks compensatory damage for Physical pain and mental anguish sustained in the past and future; Loss of earning capacity sustained in the past and future; Disfigurement sustained in the past and future; Physical impairment sustained in the past and future; Medical care expenses incurred in the past and future; loss of enjoyment of life sustained in the past and future; and (re-submits) loss of earning capacity sustained in the past and future. *See Id*.   Plaintiff further seeks Exemplary damages. *See* Exh. A, ¶¶ 29-30.

7.      This Notice of Removal is timely filed within thirty days after receipt of a copy of Plaintiff's original petition.  *See* 28 U.S.C. § 1446(b)(1).

8.      No orders have been signed by the State Court judge.  No hearings are currently scheduled in the State Court Action. The State Court Action is pending within this district and division, as is required for removal by 28 U.S.C. § 1441(a).  *See* Exhibit B.

**II.**
**BASIS FOR REMOVAL**

9.      Removal is proper based on diversity of citizenship under 28 U.S.C. §1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy exceeds $75,000.  *See* Exh. A, *generally*.

## A.      Complete Diversity of Citizenship

10.      A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence, with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985). Here, Plaintiffs' pleading asserts that they reside in Bexar County, Texas.  Plaintiffs have not pled any other facts of their residency, intention to leave Texas, or domiciles in other States.  *Id.* Accordingly, Defendants assert that absent the same, Plaintiffs' citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.

11.      Mr. Leach is a resident of Indiana and maintains his permanent residence at 5741 S. Burlington Drive, Muncie, IN 47302. *Id.*

12.      Covenant, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Covenant is a foreign corporation incorporated under the laws of the State of Tennessee and its principal place of business is in Hamilton County, Tennessee, located at 400 Birmingham Highway, Chattanooga, Tennessee 37419.  Accordingly, Covenant is a citizen of Tennessee.  *Id.*

13.      CTG Leasing Company is the same entity as Covenant. Accordingly, as Covenant is a citizen of Tennessee, CTG Leasing is as well.

## B.      Amount in Controversy

{00324103}

14.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).  The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a *legal certainty*, he will not be able to recover more than the damages for which he has prayed in the state court complaint.  *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

15.     As detailed below, Defendant can show that the amount in controversy exceeds $75,000.00 because it is apparent from the face of the petition.

*Amount is Facially Apparent*

16.     If a plaintiff seeks monetary relief and demands an amount that exceeds the minimum jurisdictional amount of $75,000.00 (excluding interest and costs), the defendant can rely on that demand to meet the jurisdictional requirement.  *See S.W.S. Erectors Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996).  Here, Plaintiff's pleading indicates that the damages sought are in excess of one million dollars ($1,000,000).  *See* Exh. A ¶ 35.

17.     Mr. Leach and Covenant can rely on such a demand in a pleading, the jurisdictional amount is established on the face of the petition, making removal proper.

{00324103}

18.     Accordingly, since the claim made basis of this suit clearly exceeds the jurisdictional limits of $75,000.00, as established by the objective, competent evidence, this Court has original jurisdiction, and removal is proper.

## III.
### VENUE

19.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

WHEREFORE, Defendants Covenant Transport, INC., and Charles James Leach requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendants any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

*/s/ Mathews J. Metyko*
**Jose " JJ"  Trevino, Jr.**
State Bar No. 24051446
jtrevino@valdeztrevino.com
**Mathews J. Metyko**
State Bar No. 24096574
mmetyko@valdeztrevino.com
*Counsel for Defendants*

{00324103}

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 16th day of September 2020, pursuant to Rule 21a, Texas Rules of Civil Procedure, via electronic service:

Bryan Schoeppey
Melissa Robbins
VILLARREAL & BEGUM, PLLC
5826 IH-10 West
San Antonio, Texas 78201
bryan@blawgroup.com
mrobbins@blawgroup.com
*Counsel for Plaintiffs*

*/s/ Mathews J. Metyko*
**Mathews J. Metyko**

{00324103}