

Exhibit "A"

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Scott Turner<br>Covenant Transport, Inc.<br>400 Birmingham Hwy<br>Chattanooga, TN 37419-2346 |
| **Electronic copy provided to:** | Brande Tweed<br>Heather Miranda<br>Christopher Vance |

| | |
|---|---|
| **Entity:** | Covenant Transport, Inc.<br>Entity ID Number  2140719 |
| **Entity Served:** | Covenant Transport Inc |
| **Title of Action:** | Theresa Acuna vs. Covenant Transport, Inc. |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Bexar County District Court, TX |
| **Case/Reference No:** | 2020-CI-15466 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/26/2020 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Bryan Selioeppey<br>210-233-6904 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

PRIVATE PROCESS

Case Number: 2020-CI-15466

2020CI15466 S00001

THERESA ACUNA ET AL
VS.
COVENANT TRANSPORT INC ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

DELIVERED
8/26/2020
By: Scott
Austin Process, LLC

Directed To:   COVENANT TRANSPORT INC

BY SERVING ITS REGISTERED AGENT, CORP SERVICE CO DBA CSC LAWYERS INCORP SERVICE CO

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUEST FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUEST FOR DISCLOSURE was filed on the 17th day of August, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 24TH DAY OF AUGUST A.D., 2020.

MELISSA ROBBINS
ATTORNEY FOR PLAINTIFF
5826 IH-10 WEST
SAN ANTONIO, TX 78201-2852



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo*, Deputy

| THERESA ACUNA ET AL VS COVENANT TRANSPORT INC ET AL | Officer's Return | Case Number: 2020-CI-15466 Court: 285th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

FILED
8/17/2020 11:30 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roxanne Mujica

2 CITS PPS W/JD

CAUSE NO. **2020CI15466**

| | | |
|---|---|---|
| THERESA ACUNA and ASHLEY ACUNA, *PLAINTIFFS* | § § § § | IN THE DISTRICT COURT |
| VS. | § § § | 285TH ____JUDICIAL DISTRICT |
| COVENANT TRANSPORT, INC., CTG LEASING COMPANY, and CHARLES JAMES LEACH, *DEFENDANTS* | § § § § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now Comes **THERESA ACUNA and ASHELY ACUNA**, hereinafter referred to by name or as Plaintiffs, and complains of **COVENANT TRANSPORT, INC., CTG LEASING COMPANY, and CHARLES JAMES LEACH**, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### DISCOVERY LEVEL

1. Discovery shall be conducted in this case according to Level III discovery control plan under Rule 190 Texas Rules of Civil Procedure.

### PARTIES/SERVICE

2. Plaintiff **THERESA ACUNA** is an individual residing in Bexar County, Texas.

3. Plaintiff, **ASHLEY ACUNA** is an individual residing in Bexar County, Texas.

4. Defendant, **COVENANT TRANSPORT, INC.**, is a foreign for-profit corporation doing business in the state of Texas which may be served by their registered agent, Corporation Service Company dba CSC Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

5. Defendant, **CHARLES JAMES LEACH,** is an individual residing in Muncie, Indiana and may be served at his residence, 5741 S. Burlington Drive, Muncie, IN 47302 or wherever he may be found.

## VENUE

6. This court has jurisdiction because the defendants caused a motor vehicle collision in this state.

7. Venue is proper in Bexar County in this cause under Section 15.002(a) of the Texas Civil Practice and Remedies Code because it is the county in which all or a substantial part of the events or omissions giving rise to this claim occurred.

## FACTS

8. On or about January 22, 2019, Plaintiff, **THERESA ACUNA** was lawfully operating a 2018 tan Honda CRV with passenger, **ASHELY ACUNA**, and was stopped at the red light of North Main and the access road of IH 35 northbound.    Defendant **CHARLES JAMES LEACH,** was operating a 2015 White   Freightliner Cascadia 113 Tractor-Trailer owned or leased by Defendants, **COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY** and making a left turn, southbound on Main when suddenly, violently, and without warning, he struck the front of the Plaintiff's vehicle with his trailer, dragging her vehicle over the median and across the intersection. At the time of the incident made the basis of this lawsuit, Defendant **CHARLES JAMES LEACH** was in the course and scope of his employment with Defendant **COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY. As a** result of this collision, Plaintiffs, **THERESA ACUNA** and **ASHELY ACUNA** sustained severe injuries and damages as further set out below.

9.   The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## CAUSES OF ACTION DEFENDANT, CHARLES JAMES LEACH

**A.**   *NEGLIGENCE*

10.   The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendants, who operated and/or maintained the vehicle driven in a negligent manner because they violated the duty which he owed the Plaintiff to exercise ordinary care in the operation and/or maintenance of his motor vehicle in one or more of the following respects:

a.   in failing to properly brake to come to a stop at a safe distance from Plaintiff's vehicle
b.   in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;
c.   in failing to turn the vehicle in an effort to avoid the collision in question;
d.   in failing to blow horn warning of imminent danger;
e.   in failing to drive within a single lane in violation of Tex. Transp. Code § 545.060;
f.   in failing to turn safely in violation of Tex. Transp. Code § 545.103; and
g.   in failing to drive at a safe speed considering the circumstances, in violation of Tex. Transp. Code § 545.351

11.   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

**B.**   *NEGLIGENCE PER SE*

12.   Further, Defendant failed to exercise the mandatory standard of care in

violation of V.T.C.A. Transportation Code, §545.060 §545.103 and §545.351 pursuant to the

Negligence Per Se Doctrine which mandate that:

### §545.060 DRIVING ON ROADWAY LANED FOR TRAFFIC

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:

> (1) shall drive as nearly practical entirely within a single lane; and

> (2) may not move from the lane unless that movement can be made safely.

### §545.103. SAFELY TURNING

An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely.

### §545.351 MAXIMUM SPEED REQUIREMENTS

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

> (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

> (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

> (1) the operator is approaching and crossing an intersection or railroad grade crossing;

> (2) the operator is approaching and going around a curve;

> (3) the operator is approaching a hill crest;

> (4) the operator is traveling on a narrow or winding roadway; and

(5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

13.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

### C.    GROSS NEGLIGENCE

14.    Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

15.    The acts and/or omissions by Defendant outlined in Paragraph 8 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

16.    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by

Plaintiffs.

## CAUSES OF ACTION DEFENDANT, SEVERA FALKENBERG, INDIVIDUALLY AND D/B/A GENESIS TRUCK LINES

### A. *RESPONDEAT SUPERIOR*

17.     The Defendant, **COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY** is liable under the doctrine of *Respondeat Superior* in that **CHARLES JAMES LEACH** was operating the vehicle in the course and scope of his employment with **COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY** at the time of the collision.

18.     At the time of the occurrence of the act in question and immediately prior thereto, **CHARLES JAMES LEACH** was within the course and scope of his employment with Defendant, **COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY.**

19.     At the time of the occurrence of the act in question and immediately prior thereto, **CHARLES JAMES LEACH** was engaged in the furtherance of Defendant, **COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY'**S business.

20.     At the time of the occurrence in question and immediately prior thereto **CHARLES JAMES LEACH** was engaged in accomplishing a task for which **CHARLES JAMES LEACH** was employed.

21.     Plaintiffs invoke the doctrine of *Respondeat Superior* against Defendant, **COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY.**

### B. *NEGLIGENCE*

22.     Defendant **COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY** were also independently negligent in one or more of the following respects:

      a.   negligent hiring

    b.  negligent entrustment

    c.  negligent driver qualifications;

    d.  negligent training and supervision;

    e.  negligent retention;

    f.  negligent contracting;

    g.  negligent maintenance; and

    h.  providing unsafe equipment.

23.    As described herein, Defendant, **COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY** was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

24.    Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural lives, and the damages and other losses to Plaintiff.

### A. *GROSS NEGLIGENCE*

25.    The above-referenced acts and/or omissions by Defendants constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendants were heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above

acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

26.    Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

27.    Defendants had actual, subjective awareness of the risk involved in the indifference to the rights, safety, or welfare of Plaintiffs and others.

28.    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## EXEMPLARY DAMAGES

29.    Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiffs is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code.    The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

30.    Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiffs respectfully requests exemplary damages in an amount to be determined by a jury of their peers.

## DAMAGES

31.    Plaintiffs seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

32.    As a proximate result of the conduct of the Defendants, Plaintiff **THERESA ACUNA** has sustained serious injuries to her neck, shoulder, back, ankle and other parts of her body generally.  Plaintiff **THERESA ACUNA** has sustained serious injuries to her neck, back, and

other parts of her body generally. The injuries have had a serious effect on the Plaintiffs' health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

33.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to incur the following damages which will in reasonable probability also be sustained in the future:

      a.      Physical pain and mental anguish

      b.      Loss of earning capacity

      c.      Disfigurement

      d.      Physical impairment

      e.      Medical care expenses

      f.      Loss of enjoyment of life

      g.      Loss of earning capacity

34.     By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

## PLAINTIFFS' DESIGNATION OF TRCP 47(b) & (c) MONETARY RELIEF

35.     Plaintiffs believe that the amount of damages to which they are entitled should be determined by a jury of her peers. However, in compliance with the Texas Rules of Civil Procedure, Plaintiff would show the Court that (1) the damages sought are within the jurisdictional limits of the Court, and (2) the monetary relief sought by the Plaintiffs is more than

$1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees. Plaintiffs plead for such relief to allow the jury the necessary discretion to award damages in the amount it sees fit.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

36.   Plaintiffs further requests both pre-judgment and post judgment interest on all their damages as allowed by law.

## REQUEST FOR DISCLOSURE, INTERROGATORIES AND REQUESTS FOR PRODUCTION

37.   Pursuant to the Rule 194, 196, 197 and 198 of the Texas Rules of Civil Procedure, you are requested to disclose and respond within fifty (50) days after service of the citation and petition with the information or material described in Rule 194.2 (a) through (l) as well as the requested material in the attached Exhibits A, B, C, D, E, and F Requests for Admissions, Interrogatories and Requests for Production to **COVENANT TRANSPORT, INC., COVENANT TRANSPORT GROUP, CTG LEASING, and CHARLES JAMES LEACH** and set forth below, at the address of the attorneys for Plaintiffs.

## JURY DEMAND

38.   In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs hereby make application for a jury trial and request that this cause be set on the Court's Jury Docket. Plaintiffs acknowledges payment this date of the required jury fee.

## NOTICE OF SELF-AUTHENTICATION

39.   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby noticed that the produce of any document in response to written discovery authenticates the

document for use against that party in any pretrial proceeding or at trial.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs **THERESA ACUNA and ASHLEY ACUNA** respectfully prays that Defendants **COVENANT TRANSPORT, INC., COVENANT TRANSPORT GROUP, CTG LEASING, and CHARLES JAMES LEACH,** be cited and required to answer herein according to law, that this cause be set for trial before a jury, that Plaintiffs recover judgment of and from said Defendants, jointly and severally, for their actual damages in this cause in such amounts as the evidence may show and the jury may determine to be proper, together with the costs of suit, pre-judgment interest and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

VILLARREAL & BEGUM, PLLC
5826 IH-10 West
San Antonio, Texas 78201
Tel. (210) 233-6904
Fax. (210) 233-8278

*/s/ Bryan Schoeppey*
Bryan Schoeppey
State Bar No. 00797387
bryan@vblawgroup.com
Melissa Robbins
State Bar No. 24088345
mrobbins@vblawgroup.com
**COUNSEL FOR PLAINTIFFS**

# Exhibit A

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT CHARLES JAMES LEACH

Pursuant to Texas Rule of Civil Procedure 197, Plaintiffs propound the following *Interrogatories* to Defendant CHARLES JAMES LEACH (hereinafter referred to as "Defendant"). Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiffs also request that Defendant continue to supplement his responses to these *Interrogatories* as provided for by the Rules.

1.  State your full name, address, telephone number, driver's license number, all restrictions and endorsements to your driver's license, social security number, and date of birth.

2.  State the full name, telephone number, address and your immediate supervisor for your employers for the last ten (10) years. Please indicate if you have held any ownership interest in this (these) business(es), if applicable.

3.  State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

4.  Please state any and all traffic violations you have had in the five (5) years preceding this collision.  Please indicate if you have had your driving license revoked due to any of these violations and the period of time your license was revoked.

5.  Identify each motor vehicle collision in which you have been involved as a driver, excluding the incident made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the collision, the identity of the other driver(s), the location (including the street, city, and state), and, if fault was determined, the result.

6.  List all criminal arrests and/or charges against you, your predecessors, affiliates, or subsidiaries, or divisions by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

7.  If you contend that the collision in question was an "unavoidable accident," describe in detail what you believe to be the cause of the accident, to the exclusion of the conduct of Plaintiffs.

8.   If you contend that someone else's conduct or something else is the "sole proximate cause" of the accident in question, describe in detail the identity of that person, or what exactly caused the collision.

9.   Please give a detailed description of exactly how the collision made the basis of the lawsuit occurred.  Please indicate in your description the speed or estimated speed that the vehicles were traveling at the time of the incident.  On the back of this sheet, please draw a diagram to indicate the location of the accident and the direction that the vehicles were traveling at the time of the collision.

10.   Please indicate the speed or estimated speed that the vehicles were traveling at the time of the incident, including your speed at the time of the impact, and if you contend you applied your brakes prior to impact, and what speed you were traveling prior to applying your brakes.

11.   Please state where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

12.   Do you contend that there were any obstructions to visibility for any of the vehicle operators?  If so, indicate what the obstructions were immediately before the collision and how the obstructions contributed to the collision in question.

13.   Please state the following information for each cell phone, iPad, tablet, or other mobile device that was in the vehicle that you drove at the time of the subject collision:

   a.   The phone number for each device;
   b.   The carrier for each device;
   c.   What the device was (for example, was it an iPhone 7, a Samsung Galaxy, etc.);
   d.   Whether you were using the device at the time of the crash or the five minutes preceding the crash; and
   e.   If you were using the device at the time of the crash, or during the five minutes preceding the crash, how you were using the device (i.e., were you talking on the phone, texting, using an app, watching a video, dialing, reading a message, sending or reading an e-mail, etc.).

14.   Please state every place you were at in the 12-hour period preceding the alleged occurrence.

15.   State in detail what intoxicating beverages, if any, you had consumed and what drugs and medications you took in the twenty-four (24) hour period prior to the collision.

16.  If you, or anyone on your behalf, ever took or received any statement, either oral or in writing, from any person, including parties, who had any information or knowledge relating to the alleged occurrence, please state:

    a.  The identity of each such person;
    b.  The substance, as best you can, of each such statement; and
    c.  The date, time and location where each such statement was taken or received.

17.  If you have a prescription for corrective lenses, please state whether or not you were wearing the lenses at the time of the incident made the basis of this lawsuit, what vision impairment the correction is for, and when the lens prescription was last up-dated.

18.  Were you cited for your involvement in the accident? If so, state:

    a.  Citation number;
    b.  Entity issuing citation;
    c.  Description of violations charged;
    d.  Court of jurisdiction;
    e.  Whether you contested the citation;
    f.  Whether a jury trial was held; and
    g.  Disposition of the citation/charges.

19.  Please describe any Drivers Training provided by your employer, identify the instructor(s) and the dates that the training took place.

20.  Please describe any disciplinary action (reprimand, suspension, termination, etc.) taken against you by your employer because of the incident made the basis of this lawsuit and in your description identify the persons with knowledge of such disciplinary action and whether such action was communicated to you orally or in writing.

21.  Please describe the identity of, and the relationship between, the owner of the vehicle you were driving on the day of the incident, your employer(s), and any other entity or individual who would have had an interest in the vehicle, equipment, load, or persons involved in the collision made the basis of this lawsuit.

22.  Please identify every employer in your life who has terminated you for failing a drug or alcohol test, or for being suspected of intoxication, possession, sale of drugs or alcohol.

23.  Please identify each and every clinic, hospital or other laboratory where you were tested for alcohol or drugs within a 30-day period following the day of the accident in question and including the day of the accident.

# Exhibit B

## PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT CHARLES JAMES LEACH

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, Plaintiffs propound the following *Requests for Admissions* to Defendant CHARLES JAMES LEACH (hereinafter referred to as "Defendant"). Defendant's response is due within fifty (50) days from the date of service thereof.

1.  That you were driving a 2019 White Freightliner commercial tractor-trailer with license plate 250073 (hereinafter referred to as "subject commercial motor vehicle") on the date of the subject incident.

2.  That you were in the course and scope of employment with Covenant Transport, Inc. at the time of the subject collision.

3.  That you were in the course and scope of employment with CTG Leasing Company at the time of the subject collision.

4.  That you turned when unsafe immediately prior to the subject collision.

5.  That you failed to control your speed immediately before the subject collision.

6.  That you were driving at an unsafe speed immediately before the subject collision.

7.  That the brakes of the tractor-trailer that you were operating were either faulty or not in proper working order immediately before the subject collision.

8.  That you caused the incident made the basis of this lawsuit.

9.  That your actions were the sole cause of the incident made the basis of this lawsuit.

10. That no other entity contributed to cause the incident made the basis of this lawsuit.

11. That Plaintiffs did not contribute to the cause of the incident made the basis of this lawsuit.

12. That the vehicle driven by you was in a dangerous or unsafe condition, to wit: the brakes in the vehicle were defective at the time of the incident made the basis of this suit.

13. That you failed to maintain a proper lookout at the time of the incident made the basis of this suit.

14. That immediately prior to impact, you failed to apply proper braking of your vehicle in an effort to avoid the collision complained of.

15. That Plaintiffs were injured as a result of the basis of this lawsuit.

16. That you were personally served with the summons and complaint.

17. That a resident of your household was personally served with the summons and complaint.

18. That you have no basis to assert as a defense or affirmative defense to the subject accident, lack of service of process.

19. That you have no basis to assert as a defense or affirmative defense to the subject accident, insufficiency of service of process.

20. That you have no basis to assert as a defense or affirmative defense to the subject accident, lack of personal jurisdiction.

21. That your company's insurance company provided an insurance policy covering the vehicle that you were operating at the time of the car crash.

22. That your company's insurance company has agreed to provide insurance on your behalf for all injuries and damages sustained by Plaintiff arising out of the car crash.

23. That at the time of the crash made the basis of this lawsuit you were under the influence of drugs or narcotics.

24. That at the time of the crash made the basis of this lawsuit you were under the influence of alcohol.

25. That your insurance company provided an insurance policy covering the vehicle that you were operating at the time of the car crash.

26. That your insurance company has agreed to provide insurance on your behalf for all injuries and damages sustained by Plaintiff arising out of the car crash.

27. That your insurance company has classified Plaintiffs' claims as suspicious.

28. That you had a cell phone in your possession when the collision occurred.

29. That you were looking at a cell phone at the time of the collision.

30. That you were looking at a cell phone immediately prior to the collision.

31. That your cell phone's screen was activated when the collision occurred.

32.   That you had an active phone call at the time the collision occurred.

33.   That you were making a phone call at the time the collision occurred.

34.   That you were receiving a phone call at the time the collision occurred.

35.   That on you were reading a text message at the time of the collision occurred.

36.   That you were typing a text message at the time the collision occurred.

37.   That you had a cell phone in your hand at the time the collision occurred.

38.   That you were using an application on your cell phone at the time the collision occurred.

39.   That you were using the internet at the time the collision occurred.

40.   That you were using a cell phone within ten seconds prior to the collision.

41.   That you were looking at your cell phone within ten seconds prior to the collision.

42.   That your cell phone's screen was activated within ten seconds prior the collision.

43.   That you had an active phone call within ten seconds prior to the collision.

44.   That you were making a phone call within ten seconds prior to the collision.

45.   That you were receiving a phone call within ten seconds prior to the collision.

46.   That you were reading a text message within ten seconds prior to the collision.

47.   That you were typing a text message within ten seconds prior to the collision.

48.   That you had a cell phone in your hand within ten seconds prior to the collision.

49.   That you were using an app on a cell phone within ten seconds prior to the collision.

50.   That you were on the internet on a cell phone within ten seconds prior to the collision.

51.   That you had a cell phone in your hand within ten seconds prior to the collision.

52.   That you were not using a hand-free device, such as Bluetooth, on your cell phone at the time of the collision.

53.   That you did not have a headset connected to your phone on the date of the collision.

# Exhibit C

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT CHARLES JAMES LEACH

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs request that, within the time prescribed by law, Defendant CHARLES JAMES LEACH (hereinafter referred to as "Defendant")

produce copies of, or permit Plaintiffs to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys as instructed below. Plaintiff requests that Defendant produce the documents at the office of Begum Law Group, 5826 IH 10 West, San Antonio, Texas 78201.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

1. All photographs (in their original format) taken in connection with Plaintiffs' cause of action in the possession, constructive possession, custody or control of Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

2. All photographs (in their original format) taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

3. All photographs taken of Plaintiff(s) (in their original format) which may be in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff(s) which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

5.    All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

6.    All written statements made by the Plaintiffs and/or Defendants in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

7.    All oral statements made by Plaintiff and/or Defendant which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

8.    A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Plaintiff, which is in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

9.    All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Defendant advise Plaintiff accordingly and reduce such material to a tangible form).

10.   A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

11.   Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

12.   Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant that Defendant prepared as a result of the accident made the basis of Plaintiff's lawsuit.

13.   Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

14. Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on Plaintiff's cause of action and may be used as demonstrative evidence at trial.

15. If not otherwise provided, the following:

    a.    Witness statements;

    b.    Party statements;

    c.    Police report;

    d.    Photographs of scene in their original format;

    e.    Photographs of vehicles in their original format;

    f.    Diagrams/maps of scene;

    g.    Repair invoices/estimates;

    h.    Medical bills, records, and reports related to Plaintiff;

    i.    Wage loss records related to Plaintiff;

    j.    Any materials generated by special investigations unit related to Plaintiff;

    k.    Any surveillance materials of Plaintiffs or witnesses; and

    l.    Information obtained from PIP/Med Pay insurer.

16. A complete copy of all insurance policies and umbrella policies which may be available to satisfy any judgment entered against Defendant in favor of the Plaintiff in this action; the request seeks production of all policy jackets, coverage parts, endorsements, particularly vendors endorsements, declaration pages and all other documents related to the policies; these policies include comprehensive general liability policies, manufacturers' liability policies, umbrella policies or other special multi-peril policies, produce the following documents and items, to wit:

    a.    Policies with all additions and deletions;

    b.    All prior claims paid under any such policies that will be deducted from the amount for which any such insurance company may have to pay in this case;

    c.    The total amount of money for which each such insurance company would be liable for payment on behalf of the defendant motor carrier or the defendant driver;

    d.    All loss control reports made by any present or previous insurance company concerning the defendant motor carrier's operations;

    e.    The amounts of all other claims being currently made against any such insurance policies other than by this Plaintiff; and

f.   Contracts describing the obligation of any person, firm or corporation other than an insurance company to provide investigative or legal defense services for the benefit of the defendant motor carrier or defendant driver.

17.   True and complete copies of Federal Income Tax Returns for the years 2014 – present for Defendant.

18.   All books, documents or other records showing income from any source for the years 2014 – present for Defendant.

19.   Copies of any and all reports filed and/or completed concerning this accident by any governmental agency, whether the same be Federal, State or local, which are in the possession, custody and/or control of the said plaintiff.

20.   All insurance policies, including without limitation primary general liability and professional coverage, as well as excess coverage and umbrella coverage, or indemnification agreements that are or may be applicable to claims made against you in this lawsuit, including the declarations page, that was in effect at the time of the collision, including all non-waiver agreements, reservation of rights letters, and other documents and communications regarding any contractual obligations owed by you.

21.   Any and all documents reflecting where for Defendant was physically located, what he was doing, who was present with him, during each hour of the 12-hour period leading up to the occurrence in question.

22.   Any and all documents reflecting where Defendant had been just prior to the occurrence, where he was going at the time of the occurrence, and the purpose of the trip.

23.   A copy of all medical records, doctor's records, hospital records, reports, and medical documents and drug tests of any kind containing information about you arising from the subject collision.

24.   Produce for inspection and copying all documents, tangible things, electronic data, and magnetic data obtained by depositions on written questions in this cause.

25.   A true and correct copy of each of your commercial driver's licenses, front and back, for the years of 2014 – present.

26.   A true and correct copy of the most recent prescription for corrective lenses written for you.

27.   A copy of your driving record for the last five years.

28.   Any and all e-mail correspondence and claim reporting made relative to Plaintiff's claims.

29.    A copy of all documents relating to your usage of your personal and/or work cellular phone on the day of January 22, 2019.

30.    A copy of any and all cellular phone bills for the billing cycle for the date of the collision for cellular phones or similar communication devices present in the vehicle driven by you on January 22, 2019.

31.    A copy of all employment, financial, or educational documents of any kind containing information about the Plaintiff(s) that is in the possession or constructive possession, custody or control of you, your attorney, or anyone acting on your behalf.

32.    Produce any and all pay stubs, checks, confirmation of direct deposit, form 1099 or cash receipt evidencing any sums of money paid to you by COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY in 2017, 2018 and 2019.

33.    Produce any document you will rely on at time of trial to establish your employment status on January 22, 2019.

34.    Produce any document in your possession or subject to your control that you contend is evidence that you were not a permissive user of the vehicle driven by you on January 22, 2019 that was involved in the collision made the basis of this lawsuit.

35.    Produce any safety manuals, driving manuals, and employee handbooks/manuals that COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY provided you at any point during your employment with the company.

36.    All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

37.    All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle for the period of one (1) year immediately preceding the collision.

38.    All documents and records, including expert's reports, with regard to the causation of the occurrence made the basis for this suit.

39.    All documents and records, including expert's reports, with regard to the causation of the occurrence made the basis for this suit.

40.    All newspaper articles that pertain to or reference the collision.

41.    All demonstrative evidence that you intend to utilize at trial.

42.    A copy of all documents relating to criminal records pertaining to Plaintiff and any witnesses.

43.   Produce all medical records and other documents that you contend show pre-existing medical conditions relevant to Plaintiff's claim.

44.   If you have withheld any documents in responding to this set of Requests for Production, based on the assertion of a privilege, then please produce a privilege log.

45.   Any and all documents on which you intend to rely to support the date you assert you "anticipated litigation.

46.   All billings, receipts, invoices and monthly statements for any credit cards used by CHARLES JAMES LEACH for the month of the incident made the basis of this suit.

# Exhibit D

**PLAINTIFFS' INTERROGATORIES TO**
**DEFENDANTS COVENANT TRANSPORT, INC., and CTG LEASING COMPANY**

Pursuant to Texas Rule of Civil Procedure 197, Plaintiffs propound the following *Interrogatories* to Defendant COVENANT TRANSPORT, INC., and CTG LEASING COMPANY (hereinafter referred to as "Defendants"). Defendants' responses are due fully, in writing and under oath within fifty (50) days from the date of service thereof. Plaintiffs also request that Defendant continue to supplement his responses to these *Interrogatories* as provided for by the Rules.

1.     For the individual answering these interrogatories on behalf of Defendant, please state:
       a.     Your name, address and date of birth;
       b.     Your job title, and description.

2.     State the name, address and telephone number of the owner of the commercial motor vehicle that was being driven by CHARLES JAMES LEACH at the time of the collision.

3.     Identify all of CHARLES JAMES LEACH's immediate supervisors, and their supervisors, managers or other individuals who have or had supervisory or managerial authority over him, and please state what such individual's title was and when that individual had supervisory or managerial authority over CHARLES JAMES LEACH.

4.     State the nature of the trip being made by CHARLES JAMES LEACH, including the location from which the driver left and the intended destination, including the reason for the trip.

5.     If your company provided a cellular telephone for the use of CHARLES JAMES LEACH on the day of collision in question, please provide:

       (a)     The name of the company providing the service to any such cellular telephone; and
       (b)     The telephone number assigned to any such cellular telephone.

6.     State what type of driver training program or driver monitoring was provided by your company to CHARLES JAMES LEACH.

7.     If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

8. Do you contend that the Plaintiffs' damages were caused in whole or in part by the negligence of a person, persons, or entities who are not a party to this suit? If so, please state:

    (a) the identity or the person, persons, or entities;

    (b) all facts which would establish that such person, persons or entities caused plaintiff's injuries in whole or in part; and

    (c) the exact manner in which plaintiff's injuries were caused in whole or in part by such person, persons or entities.

9. State each and every individual act or omission on the part of the Plaintiff(s) you now contend or will contend at trial caused or contributed to the occurrence that is the basis of Plaintiff's cause of action against Defendants.

10. State each and every factor other than the alleged negligence of the Plaintiff(s) which you now contend or will contend at trial contributed to the collision including, but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party defendants; sudden emergency; unavoidable accident; mechanical defect; or act of God.

11. State each and every factor you now contend or will contend at trial caused or contributed to the Plaintiffs' damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiff.

12. Please state if CHARLES JAMES LEACH was required to comply, as of January 22, 2019, with the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation. If your answer is in the negative, please explain why not.

13. Was the motor vehicle that was being driven by CHARLES JAMES LEACH on the date of the collision equipped with a tachograph or other on-board recording device or a satellite location device like QualComm or GPS that would record his vehicle's movements and speed? If so, please state: (a) the name, address, telephone number, and title of the person or entity presently in possession of such device and the records generated by such device; (b) manufacturer, make, model, and type (e.g., disc, etc.) of the device.

14. Explain in detail the methods, procedures and systems used by COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY to track individual employee progress, work load, and jobs completed.

15. Please state as of the date of the collision in question, whether CHARLES JAMES LEACH was an owner operator, independent contractor, or employee driver and then completely describe any contractual terms and provisions between you and CHARLES JAMES LEACH related to his status as a driver or that otherwise relate to the legal or business relationship between you and CHARLES JAMES LEACH.

16. Prior to January 22, 2019, was COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY ever audited by the U.S. Department of Transportation? If so, please state: (a) the date of each audit; (b) the number and type of each violation of which Defendant was notified; and (c) any recommendations included in the audit results.

17. Did COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY have a Safety Director (or other person in charge of driver safety no matter what the title) as of January 22, 2019? If so, please state: (a) name and last known address, with their inclusive dates of employment; (b) the name of the present Safety Director: (c) the name, address and inclusive dates of employment for the predecessor Safety Directors in the 5 years previous to January 22, 2019.

18. On January 22, 2019, did your company use or have an accident review committee, a safety committee, or a driver review committee, or any other similar body that reviewed driver accidents for purposes of discipline or safety compliance, and if so, please state the name, address and title of each member of such committee, their position with the corporate Defendant and their inclusive dates of employment; (b) Did such body or committee review the accident of January 22, 2019, and if so, please state its finding and conclusions and deliberations.

19. Did you maintain a driver personnel file and/or owner/operator file separate and apart from the qualifications file required to be kept by law of CHARLES JAMES LEACH during the time he was a driver for Defendant?

20. What discipline or adverse consequences (including warnings, reprimands, interviews, probation, suspension, points, etc.) were suffered by or administered to CHARLES JAMES LEACH as a result of the collision on January 22, 2019?

21. Was CHARLES JAMES LEACH tested for drugs and alcohol following the collission of January 22, 2019? If so, please state the results of such testing, the time and location testing, and the entity that performed the test.

22. List by date and topic all courses, classes and other training provided to CHARLES JAMES LEACH related to hazard recognition, accident avoidance, and defensive driving from the time he became a driver for Defendant through January 22, 2019.

23. Did Defendant have an incentive pay program, or other similar programs basing rate of pay to driver performance, in effect on January 22, 2019? If so, please describe the program(s) in detail, or provide a complete copy of each and every program.

# Exhibit E

## PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANTS COVENANT TRANSPORT, INC., and CTG LEASING COMPANY

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, Plaintiffs propound the following *Requests for Admissions* to Defendant COVENANT TRANSPORT, INC., and CTG LEASING COMPANY (hereinafter referred to as "Defendant"). Defendant's response is due within fifty (50) days from the date of service thereof.

1. At all times on the date in question, an employee of COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY was operating a 2019 white Freightliner commercial tractor-trailer with license plate 2500723 (hereinafter referred to as "subject commercial motor vehicle) involved in this incident.

2. Admit that CHARLES JAMES LEACH was your employee at the time of the incident made the basis of this suit.

3. Admit that the vehicle driven by CHARLES JAMES LEACH was under the operation and control of your company at the time of the incident made the basis of this suit.

4. Admit that COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY entrusted the vehicle driven by CHARLES JAMES LEACH for the benefit of COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY

5. Admit that the vehicle driven by CHARLES JAMES LEACH was being operated for the purpose of his employment with COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY

6. Admit that CHARLES JAMES LEACH was acting in the scope of his employment with COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY at the time of the incident which forms the basis of this suit.

7. Defendant admits liability for this incident, which is the basis of this lawsuit.

8. Defendant admits that it has no knowledge of any individuals with knowledge of facts relevant to the Plaintiff's claim that Plaintiff has sustained mental anguish as a direct and foreseeable result of the occurrence in question.

9. Defendant admits that it denies the Plaintiff's allegations that Defendants' negligence was the proximate cause of the occurrence in question.

10. Defendant admits it is unaware of any facts controverting the Plaintiff's allegation that Plaintiff has incurred reasonable medical expenses for medical services that were necessarily provided to the Plaintiff for the injuries Plaintiff sustained as a result of the occurrence in question.

11. Defendant admits that it is unaware of any individual with knowledge or facts relevant to the Plaintiff's allegation Plaintiff has incurred reasonable medical bills for medical services that were necessary to provide proper care to the Plaintiff for injuries Plaintiff sustained as a result of the occurrence in question.

12. Defendant admits it is unaware of any documents relevant to or containing information relevant to the Plaintiff's allegation that Plaintiff has incurred reasonable medical bills that were necessary to provide proper care to the Plaintiff for the injuries that Plaintiff sustained as a result of the occurrence in question.

13. At the time of the incident made the basis of this suit and immediately prior thereto, CHARLES JAMES LEACH was engaged in the furtherance of your business.

14. Admit that the occurrence made the basis of this suit was proximately caused by the negligence of CHARLES JAMES LEACH.

15. Admit or deny that COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY is vicariously responsible for the conduct of CHARLES JAMES LEACH at the time of the incident in question.

16. Admit that the medical bills incurred by Plaintiff were necessary for the treatment of the injuries sustained by Plaintiff and that the charges for such services were reasonable.

17. Admit that the injuries described in Plaintiff's medical records were proximately caused by the incident which forms the basis of this suit.

18. Admit that Plaintiff suffered mental anguish as a proximate result of the occurrence in question.

19. Admit that Plaintiff suffered physical pain as a proximate result of the occurrence in question.

20. Admit that there was no act or omission on the part of any third person which was the sole and proximate cause of the occurrence made the basis of this action.

21. Admit that the occurrence made the basis of this action was not an unavoidable accident.

22. Admit that the occurrence made the basis of this action was not the result of a sudden and unexpected emergency.

23. Admit that the Plaintiff did not commit any act or omissions which constituted negligence which proximately caused the incident which is the basis of this lawsuit.

24. Admit that the subject commercial motor vehicle had an electronic control module at the time of the accident in question.

25. Admit that data from the electronic control module on the subject commercial motor vehicle was downloaded after the accident in question.

26. Admit that electronic control module data from the subject commercial motor vehicle is being maintained by Defendant COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY or its agents.

27. Admit that COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY provided a cellular telephone for CHARLES JAMES LEACH's use while he was an employee of COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY.

28. Admit that the vehicle operated by CHARLES JAMES LEACH at the time of the collision is equipped with an On-Star Device.

29. Admit that that the On-Star Device on the vehicle operated by CHARLES JAMES LEACH at the time of the collision in question was active at the time of the collision.

30. Please admit or deny that COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY had non-expired liability insurance coverage on the date of the collision in question.

31. Please admit or deny that COVENANT TRANSPORT, INC., and/or CTG LEASING COMPANY had excess coverage or an umbrella policy on the date of the collision in question.

# Exhibit F

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANTS COVENANT TRANSPORT, INC., and CTG LEASING COMPANY

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs request that, within the time prescribed by law, Defendant COVENANT TRANSPORT, INC., and CTG LEASING COMPANY (hereinafter referred to as "Defendant") produce copies of, or permit Plaintiffs to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys as instructed below. Plaintiffs requests that Defendant produce the documents at the office of Begum Law Group, 5826 IH 10 West, San Antonio, Texas 78201.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

1.  A copy of each and every primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident in question, including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage and under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered into in this action, or to indemnify or reimburse for payments made to satisfy the judgment, including all layers of excess coverage or umbrella policies. PLEASE NOTE THIS IS A REQUEST FOR THE ENTIRE POLICY, NOT JUST THE DEC SHEET.

2.  The entire personnel file of CHARLES JAMES LEACH, which will include, but is not limited to, his application for employment, any contracts for services, his payroll history, his training records, any certificates, copies of checks, and wage history.

3.  Any and all documents evidencing who CHARLES JAMES LEACH's employer was at the time of the subject incident.

4. Any and all documents evidencing the name of all entities and/or distributors that were working with you regarding the job and/or assignment that CHARLES JAMES LEACH, was engaged in on the day of the subject incident.

5. Complete and legible photocopies of witness statements relating to the subject incident that occurred on January 22, 2019.

6. All photographs, films, videotapes, and audiotapes depicting the subject incident, the location of the subject incident, and/or the individuals or transportation vehicle associated with the subject incident.

7. All plats, surveys, diagrams, sketches, maps, and photographs of the scene of the incident.

8. The work order associated with the job and/or assignment that CHARLES JAMES LEACH was engaged in on the day of the subject incident.

9. Documents received from or generated by governmental or quasi-governmental agencies that relate to the subject incident, including, but not limited to, USDOT, TXDOT, TNRCC, EPA any other federal agency, the police department, the sheriff's office reports, and any other state agency.

10. All documents regarding any regulatory agency, including USDOT, TXDOT, and TNRCC, inspections, investigations, citations, warnings or other reports regarding your facilities or vehicles from January 2012 through the present.

11. All internal incident, accident, or investigation reports related to the subject incident.

12. Documents evidencing or relating to CHARLES JAMES LEACH's employment at the time of the subject incident.

13. Documents and tangible things made, written, prepared or authored by you regarding the subject incident.

14. Any and all affidavits, recorded statements, and/or employee memorandums prepared by any of your employees related to the incident made the basis of this lawsuit.

15. Documents and tangible things made, written, prepared, or authored by any other entity or company that you worked with, including, but not limited to, its distributors or suppliers, that is in your possession.

16. Any and all warnings and discipline memorandums in any written or digital form generated as a result of the subject incident.

17. Any contracts, lease or rental agreements, involving the subject commercial motor vehicle in effect on the date of the accident.

18.  Your company's driver's manual.

19.  Your company's safety manual.

20.  Your company's employee handbook and/or manual.

21.  All maintenance documents, records, notations, memoranda, and invoices concerning the commercial motor vehicle involved in the subject incident for 1 year preceding the day of the subject incident.

22.  All safety checklists and/or inspection checklists concerning the commercial motor vehicle involved in the subject incident for 1 year preceding the day of the subject incident.

23.  Any and all internal documents, correspondence, emails, and/or recordings showing communications between you and your personnel/employees regarding the incident made the basis of this lawsuit.

24.  Any and all documents, correspondence, emails, and/or recordings showing communications between you and any other entity or company that you do business with regarding the incident made the basis of this lawsuit.

25.  Any and all documents evidencing the existence of all tools, machinery, and/or equipment, other than the subject commercial motor vehicle, that may have been used or utilized in any way by CHARLES JAMES LEACH during the job and/or assignment he was engaged in on the day of the subject incident.

26.  A complete copy of any and all equipment safety manuals or protocols for the tools, machinery, and/or equipment utilized during the subject incident.

27.  Any and all internal documents, emails, communications showing any safety concerns, safety issues, problems, corrective action items, or criticisms made by you to your own personnel/employees regarding employee driving.

28.  A complete list by name, title and contact information of all your employees and management personnel that were assigned to work on the job and/or assignment that CHARLES JAMES LEACH was engaged in on the day of the subject incident.

29.  Any document evidencing all of your employees and management personnel that were assigned to work on the job and/or assignment that CHARLES JAMES LEACH was engaged in on the day of the subject incident.

30.  Please produce a complete list of any and all other lawsuits filed against you for the ten (10) years prior to the subject incident.

31.     Please produce a complete list of any and all other lawsuits or claims personal injuries filed against you for the ten (10) years prior to the subject incident.

32.     Please produce all communications between you and your expert or between your attorney and your experts.

33.     Please produce all raw data and/or reports produced or generated by any expert in this case.

34.     Please produce the CV, expert report, and expert file for each expert used for consultation and who is not expected to be called as a witness at trial, but whose work product forms a basis, either in whole or in part, of the opinions of a testifying expert witness.

35.     Please produce the CV, report, and all data and documents relied on and file for each expert who is expected to be called as a witness at trial.

36.     All documents and records relating to the damage and/or repair to your subject commercial motor vehicle, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

37.     All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims as a result of the subject incident.

38.     All newspaper articles that pertain to or reference the subject incident.

39.     All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards which you contend or will contend at trial were violated by Plaintiff.

40.     All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

41.     All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

42.     Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

43.   A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about CHARLES JAMES LEACH and/or concerning the medical or physical condition of CHARLES JAMES LEACH on the day of the incident which are in the possession or constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

44.   A copy of all documents relating to any criminal records pertaining to Plaintiff or CHARLES JAMES LEACH, or any witnesses.

45.   A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about CHARLES JAMES LEACH arising from this accident.

46.   All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

47.   The complete "driver qualification file" maintained by on CHARLES JAMES LEACH along with any other documents contained herein, in its precise state of existence on January 22, 2019. This should include, but not limited to, the following:

    (a)   check sheet for driver's forms;
    (b)   application for employment;
    (c)   employment eligibility verification;
    (d)   certificate of compliance;
    (e)   request for check of driving record;
    (f)   request for information from previous employer;
    (g)   record and certificate of road test;
    (h)   written examination and certificate;
    (i)   answers to written examination;
    (j)   driver's physical examination certificate with the expiration date;
    (k)   controlled substance test results;
    (l)   driver's data sheet;
    (m)   record of violations;
    (n)   annual review of driving record;
    (o)   notice of disqualification;
    (p)   pocket cards.
    (q)   Pre-employment Questionnaire.
    (r)   Application for Employment.
    (s)   All medical examinations and certification of medical examination cards
    (t)   Driver's violation statements for each twelve (12) months of employment or while under contract with truckers.
    (u)   Driver's Road Test.
    (v)   Driver's Written Test (if, utilized).
    (w)   All certifications issued by you or other organizations.
    (x)   All past employment inquiries sent to former employers and their responses.

(y)     Inquiries and answers on driver's license records of violations and accidents directed to and received from any state agencies for each year of CHARLES JAMES LEACH employment.

(z)     Copies of all road and written test cards, medical cards, motor carrier certification of driver qualification and any other cards given to CHARLES JAMES LEACH by you or any other motor carrier.

(aa)    Any and all other contents of the file, regardless of form or purpose.

48.   A copy of CHARLES JAMES LEACH's driver's license.

49.   Logs for hours of service for CHARLES JAMES LEACH for the 6 months preceding the subject incident that occurred on January 22, 2019.

50.   Any contracts, lease or rental agreements, involving the subject commercial motor vehicle in effect on the date of the accident.

51.   A copy of the title(s) or other document/certificate of ownership, verifying the legal owner of the subject commercial motor vehicle(s), (including trailer) involved in the collision made the basis of this claim on the January 22, 2019.

52.   All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by CHARLES JAMES LEACH from or by any source including, but not limited to, any trucking schools.

53.   Any company manuals, driver's manuals, company issued rules and regulations, directives or notices in effect at the time the accident occurred utilized by You regarding their drivers' work, driving activities, job performance, discipline, pickup and delivery of cargo.

54.   Your company's safety program and driver attendance records pertaining to CHARLES JAMES LEACH in the two years leading up to the day of the collision made the basis of this suit.

55.   Any and all worker's compensation records pertaining to CHARLES JAMES LEACH.

56.   Any and all results from urine samples pertaining to CHARLES JAMES LEACH.

57.   Any and all results from blood samples pertaining to CHARLES JAMES LEACH.

58.   The results of any testing done on CHARLES JAMES LEACH after the subject incident to determine if drugs and/or alcohol had been consumed by him.

59.   Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by CHARLES JAMES LEACH.

60.    Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

61.    All trip and/or operational documents pertaining to the movement of cargo by CHARLES JAMES LEACH or the subject commercial motor vehicle, in existence but at least for the six (6) month period prior to and including the date of the accident (January 22, 2019). The term "trip" as used herein, is defined as the transportation of one load of cargo (regardless of size and type) from origin(s) to final destination(s):

   (a)    Drivers trip envelopes and/or trip reports, daily loads or work reports, fuel purchased reports, or any reports made by a driver to the Defendants inclusive of daily, weekly or monthly cargo transported, time or distance work records.

   (b)    Receipts for any trip expenses or purchases regardless of type, such as fuel, food, lodging, equipment maintenance or repair, special or oversize permits, bridge or toll road, loading or unloading, or other receipts.

   (c)    Cargo pickup or delivery orders prepared by any and all of the Defendants, brokers, involved shippers or receivers, motor carriers, drivers, or other persons or organizations.

   (d)    All bills of lading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo or Defendants. This also includes copies of bills of lading and manifest that show signed receipts for cargo along with dates and times of cargo pickup and delivery.

   (e)    All equipment or cargo loading, unloading or detention records along with any other documents showing pickup and delivery dates and times or detention of equipment or cargo.

   (f)    All freight bill, inclusive of cargo pickup and delivery copies.

   (g)    All written instructions, orders, or advice given to drivers in reference to cargo transported, routes to travel, pickup or delivery times by Defendants shippers, receivers, or other persons or organizations.

   (h)    Dispatch records indicating assignment of equipment and drivers to cargo pickup and delivery, dates and times of pickup and delivery and any other related factors.

   (i)    Any driver call-in records or other written records indicating communications between company and driver in reference to the movement of cargo, or the day to day operations of the equipment and/or driver.

   (j)    All accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo. Copies of both the front and back of canceled checks are requested.

   (k)    All initial or rough driver's trip check in settlement sheets along with all final accounting documents, and computer printouts showing expenses and payments to a driver in reference to a trip or trips.

(l)     Any and all motor carrier or driver created fuel, mileage and purchase reports or records.

(m)     Copies of original Com Check, Cash Control or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to drivers.

(n)     Any and all computer downloads and/or printouts provided to the Defendants by others, including but not limited to Com Check or Cash Control Corp., Trendar or QualComm, listed by CHARLES JAMES LEACH or number or truck number, showing the driver and subject commercial motor vehicle's location, time, date and mileage for stops, movements or purchases.

(o)     Any and all special or oversize permits and related documents/requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit.

(p)     Any and all records generated by a device on board the driver's vehicle such as a tachograph, electronic control module (ECM) or other device, that records the vehicle speed, distance or movements.

(q)     Any and all other "trip related documents' created by the Defendants or any other persons or organizations but not defined herein in the possession of any of the Defendants.

(r)     Clearly readable copies of all daily (or other periodic) fuel invoices from such companies as Com Data, Com Check, FCIS, or CCIS.

(s)     Clearly readable copies of any and all other computer generated or down loaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q'Trac's, depicting the location of the subject commercial motor vehicle operated by Driver and all satellite communication between driver and Defendants.

(t)     Any and all other "supporting documents" as that term is used in the FMCSR, 49 CFR 395.8(K)(1) and defined in Part 395.8 of the U.S. DOT Interpretations.

62.     Any and all operational receipts submitted by CHARLES JAMES LEACH for motor carrier operations in existence for the three (3) years prior to January 22, 2019.

63.     Any and all agreements, contracts or written arrangements in effect on the date of the incident with CHARLES JAMES LEACH or his employer including but not limited to, any contracts to perform transportation services.

64.     All computer run dispatch or operational daily summary data, including all computer run information, related to CHARLES JAMES LEACH for the three (3) years prior to January 22, 2019.

75.   Payroll receipts, check stubs and/or payroll and disbursement information furnished to CHARLES JAMES LEACH by your company for the three (3) years prior to January 22, 2019.

76.   The complete maintenance files maintained by your company in accordance with FMCSR Part 396 on the subject commercial motor vehicle involved in the accident inclusive of any inspections, repairs or maintenance done to the vehicle and daily condition reports submitted by CHARLES JAMES LEACH, in existence.

77.   A copy of your company's "Systematic Equipment's Maintenance Program" as required by FMCSR Part 396 inclusive of copies of all forms utilized in accomplishing compliance with that part of the regulations as defined herein.

78.   Any and all written instructions or examples to drivers in reference to completion of trip reports, driver's daily logs or time records, or other documents relating to a trip made or load transported by a driver in effect at the time of the accident utilized by your company.

79.   Any and all written documents, letters, directives, memorandums, or notes, notices from you to CHARLES JAMES LEACH from his date of hire to the present.

80.   Any and all of your company's officers, executives or administrator's policy/procedural manuals, directives, bulletins or written instruments in reference to the day to day operating and safety procedures to be followed by your company's owner-operators, drivers, or administrators regarding driving activities, pickup and delivery of cargo..

81.   Any and all documents from any insurer denying coverage or reserving rights with regard to coverage.

82.   Please provide clearly readable copies of all curriculum, outlines, handouts, books, pamphlets, tests, test results, evaluations, memos, video tapes, and computer presentation utilized by any truck school attended by CHARES JAMES LEACH.

83.   Please provide copies of all documents and training material related to each course, class or training provided to CHARLES JAMES LEACH by you related to hazard recognition, accident avoidance, defensive driving, FMCSR Hours of Service Regulations and the proper way to fill out driver records of duty status. from the time he became a driver for your company through January 22, 2019.

84.   CHARLES JAMES LEACH's driving record.

85.   All billings, receipts, invoices and monthly statements for any credit cards used by CHARLES JAMES LEACH for the month of the incident made the basis of this suit.

86.   A copy of any Incentive Pay Program in effect on the day of the collision made the basis of this lawsuit.

87.   Any and all documents, statements and/or communications Defendant has had with an insurance company or any of its agents since the collision.

88.   If you have withheld any documents in responding to this set of Requests for Production, based on the assertion of a privilege, then please produce a privilege log.

89.   Any and all documents on which you intend to rely to support the date you assert you anticipated litigation.