IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **THERESA ACUNA, ASHLEY ACUNA,** *Plaintiffs* | § § § | |
| -vs- | § § | SA-20-CV-01102-XR |
| **COVENANT TRANSPORT, INC., CTG LEASING COMPANY, CHARLES JAMES LEACH,** *Defendants* | § § § § § | |

### ORDER

Pending before the Court is Defendant Covenant Transport, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 12). Therein, Defendant moves to dismiss Plaintiffs' claims for negligent entrustment, negligent driver qualifications, negligent hiring, negligent training and supervision, negligent retention, negligent contracting, negligent maintenance, providing unsafe equipment, and gross negligence under Rule 12(b)(6). After careful consideration, the Court grants the motion.

### Background

This is a dispute regarding an auto accident that occurred on January 22, 2019 between vehicles operated by Plaintiff, Theresa Acuna, and Defendant, Charles James Leach ("Leach"). Plaintiff Ashley Acuna was a passenger. Plaintiffs claim that their vehicle was suddenly struck on the front by Leach's tractor-trailer making a left turn while she was stopped at a red light on North Main and Interstate Highway 35. Plaintiffs' First Amended Complaint ¶ 7. Plaintiffs allege that Leach failed to exercise ordinary care in controlling his vehicle, causing the collision and serious injury to Theresa and Ashley Acuna. *Id*. Plaintiffs seek actual and exemplary damages of over $1,000,000, claiming that they suffered "severe bodily injuries" that may permanently

1

affect her health and well-being. *Id*. Plaintiffs allege that Leach was operating his vehicle in the course and scope of his employment with Defendant, Covenant Transport, Inc. ("Covenant") and that Covenant is liable for negligent entrustment, negligent driver qualifications, negligent hiring, negligent training and supervision, negligent retention, negligent contracting, negligent maintenance, providing unsafe equipment, and gross negligence.

On September 16, 2020, Covenant[1] removed this case to federal court based on diversity of citizenship pursuant to 28 U.S.C § 1332(a). Covenant then moved to dismiss Plaintiffs' claims against it for negligent entrustment, negligent driver qualifications, negligent hiring, negligent training and supervision, negligent retention, negligent contracting, negligent maintenance, providing unsafe equipment, and gross negligence. Covenant asserts that Plaintiffs have not provided factual support for any of the claims against it and thus they fail to state a claim on which relief can be granted. Plaintiffs filed a First Amended Complaint in response to Defendant's motion and Defendant responded with this motion now before the Court.

**Analysis**

**I. Jurisdiction**

28 U.S.C § 1332 states that federal district courts shall have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different states". 28 U.S.C.A. § 1332. Plaintiffs stated in their First Amended

---

[1] Covenant states it is the same entity as CTG. The Notice of Removal is a bit confusing as to whether counsel also represents Leach and whether Leach also joined in the removal, but it appears not. The title of the Notice is "Defendants [*sic*] Covenant Transport, Inc.'s Notice of Removal" and states "Defendants Covenant Transport, INC., CTG Leasing Company ('Covenant'), hereby removes this lawsuit . . ." In its conclusion, however, the Notice states, "Defendants Covenant Transport, INC., and Charles James Leach requests [*sic*] that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendants any such other and further relief to which they show themselves justly entitled." It is further signed by "Counsel for Defendants" without limitation to Covenant/CTG. However, in the Supplement to JS 44 Civil Cover Sheet, defense counsel list themselves only as attorneys for Covenant/CTG. The Amended Notice of Removal (ECF No. 6) removes the reference to Leach in the conclusion and is only on behalf of Covenant/CTG.

Covenant further provides conflicting information as to whether Defendant Leach has been served. In the Supplement to JS 44 Civil Cover Sheet, Covenant states there are no unserved parties. However, the Court does not find any proof of service on Leach in the state court records.

Complaint that they are citizens of Texas, Defendant Charles James Leach is a citizen of Indiana, and Covenant is incorporated in Tennessee with its principal place of business in Tennessee.[2] *Id*. Thus, there is complete diversity of citizenship between the parties. Further, it is facially apparent that the amount in controversy requirement is met, as Plaintiffs seek monetary relief of over $1,000,000. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *S.W.S. Erectors Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C § 1332. Because federal jurisdiction in this case is based on diversity, Texas substantive law is controlling. *See Preston Exploration Co., L.P. v. GSF, L.L.C.*, 669 F.3d 518, 522 (5th Cir. 2012) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79 (1938)). Therefore, we look to Texas substantive law in analyzing the merits of Plaintiffs' negligence claims. *Id*.

**II. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must be supported by sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the complaint does not need to contain detailed factual allegations, it must contain more than labels and conclusions or a formulaic recitation of the elements of a cause of action; there must be enough factual detail to "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at

---

[2] 28 U.S.C.A. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

555. There must be something "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b)(6) motion, the Court must accept as true the factual allegations in the complaint and take them in the light most favorable to the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Commc'ns. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

### III. Application

#### a. Negligent Entrustment

Plaintiffs' Complaint states that Defendant Covenant is liable for negligent entrustment of the vehicle to Leach. "The elements of a negligent entrustment claim are: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, [incompetent, or reckless]; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident." *AmWins Specialty Auto, Inc. v. Cabral*, 582 S.W.3d 602, 609 (Tex. App.--Eastland 2019, no pet.) (alterations in original). Thus, to be liable for negligent entrustment, Leach must have been an unlicensed, incompetent, or reckless driver, and Covenant must have known or had reason to know that Leach was an unlicensed, incompetent, or reckless driver. *Id*.

Viewing the facts in light most favorable to Plaintiffs and assuming that Leach did negligently cause the accident and was acting within the scope of employment with Covenant when he did, there are still no facts in the Complaint to indicate that Covenant knew or should have known that Leach was unlicensed, incompetent, or reckless. Plaintiffs plead that Covenant is liable for the conduct of Leach because:

> At the time of the incident made the basis of this lawsuit, Defendant CHARLES JAMES LEACH was an incompetent and reckless driver in the course and scope

4

of his employment with Defendant COVENANT TRANSPORT, INC., CTG LEASING COMPANY. Thus COVENANT TRANSPORT, INC., CTG LEASING COMPANY was responsible for following the federal motor carrier safety regulations and ensuring both COVENTANT TRANSPORT, INC. CTG LEASING COMPANY and CHARLES JAMES LEACH's knowledge of and adherence to the rules of the road all of which would have prevented such a collision. As such, COVENANT TRANSPORT, INC. CTG LEASING COMPANY should have known that Defendant CHARLES JAMES LEACH was an incompetent and reckless driver. COVENANT TRANSPORT, INC., CTG LEASING COMPANY had a duty to provide CHARLES JAMES LEACH with safe equipment and to ensure practices of proper hiring/contracting, training, entrustment, qualifications, supervision, and retention for the safety of the motoring public. But for the lack of knowledge and adherence to these regulations and/or faulty vehicle maintenance, this collision would not have occurred. Specifically, COVENTANT TRANSPORT, INC. CTG LEASING COMPANY's employee caused a collision that was preventable with safe equipment and proper hiring/contracting, training, entrustment, qualifications, supervision, and retention. As a result of this collision, Plaintiffs, THERESA ACUNA and ASHELY ACUNA sustained severe injuries and damages as further set out below.
8. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

Plaintiffs' First Amended Complaint (ECF No. 9) ¶ 7-8.

Though Plaintiffs allege that Covenant was responsible for following federal motor carrier safety regulations and should have known Leach was unfit to drive a truck, Plaintiffs provide no factual content to assist the Court in making the inference that Leach was lacking a license, incompetent, or reckless, or that Covenant had any reason to know about Leach's alleged lack of license, incompetence, or recklessness when it entrusted the vehicle to Leach. Plaintiffs' negligent entrustment claim against Covenant lacks sufficient facts to render it plausible, and thus the Court grants Covenant's motion to dismiss this claim.

5

### b. Negligent Driver Qualifications

Parallel with the negligent entrustment analysis above, the Court reiterates that there is nothing in the facts to indicate that Leach was unlicensed, incompetent, reckless, or unqualified at the time Covenant entrusted him with the truck or at the time of the accident.

Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' negligent driver qualifications claim.

### c. Negligent Hiring

"[A]n employer is liable for negligent hiring … if it hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.). "A motor carrier has a duty to take steps to prevent injury to the driving public by determining the competency of a job applicant to drive one of its trucks." *Id*. The employer is liable if its negligence in hiring or retaining the unfit employee was a proximate cause of the plaintiff's injuries. *Id*.

Plaintiffs allege that Covenant's negligent hiring of Leach was the cause of their injuries. Even if Leach did cause the accident, there are no facts to exemplify that Covenant was negligent when it hired Leach, such as that it knew that Leach was incompetent or prone to accident when it hired him, or failed to follow industry standards in ensuring its drivers were qualified. Plaintiffs have provided nothing beyond the accident to indicate that Covenant was negligent when it hired Leach. Viewing the facts in the light most favorably to Plaintiffs, there is no factual information from which the Court can make a reasonable inference that Covenant should have known of some incompetence or lack of fitness in Leach when it hired him.

The Court finds that Plaintiffs' negligent hiring claim against Covenant is facially implausible as pled and thus grants Defendant's motion to dismiss this claim.

### d. Negligent Training and Negligent Supervision

To establish a claim for negligent training, a plaintiff must prove that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries. *Douglas v. Hardy*, 600 S.W.3d 358, 367 (Tex. App.—Tyler, 2019, no pet.) (quoting *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.)). Thus, to establish a facially plausible claim for negligent training, a plaintiff must prove that an employer did not provide training that a reasonably prudent employer would have provided, and that lack of training proximately caused the damages. *See id*.

Additionally, to prevail on a claim of negligent supervision, Plaintiffs must show (1) Covenant owed them a legal duty to supervise its employees, (2) Covenant breached that duty, and (3) that breach proximately caused Plaintiffs' injuries. *See Morris v. JTM Materials,* 78 S.W.3d 28, 49 (Tex. App.–Fort Worth 2002, no pet.).

Here, Plaintiffs provide no information regarding Covenant's training or supervision process for Leach. For Covenant to be liable for negligent training or negligent supervision, it must have failed to provide training that a reasonably prudent employer would provide or breached a duty to supervise its employees. Plaintiffs provide no information regarding the supervision or training policies at Covenant, or what training or supervision should have been provided but was not. There is no information in Plaintiffs' Complaint supporting allegations of lack of training, improper training, or lack of supervision. Plaintiffs' claims for negligent training and negligent supervision are conclusory allegations with no factual support.

The Court finds that Plaintiffs' negligent training and negligent supervision claims against Covenant are facially implausible as pled and thus grants Defendant's motion to dismiss these claims.

### e. Negligent Retention

"Under Texas law, '[a]n employer can be liable for negligence if its failure to use due care in hiring, supervising, or retaining an employee creates an unreasonable risk of harm to others.'" *King v. Jarrett*, No. 15-CV-491, 2016 WL 11581949, at *5 (W.D. Tex. Jun. 17, 2016) (quoting *Davis-Lynch, Inc. v. Asgard Techs., LLC.*, 472 S.W.3d 50, 63 (Tex. App.—Houston [14th Dist.] 2015, no pet.)). The defendant must have known that there was some risk of harm in retaining the employee and failure to avoid that risk must have caused the plaintiff's damages. *See id*.

Here, Plaintiffs provide no information to assist the Court in making an inference that Covenant had some reason to know Leach was unfit to drive trucks and still retained him as an employee. Assuming Leach did cause the accident, there is still no indication that Covenant knew or should have known that Leach was a danger to the road or accident-prone in any way.

Accordingly, the Court finds that Plaintiffs' negligent retention claims against Covenant are facially implausible and grants Defendant's motion to dismiss these claims.

### f. Negligent Contracting

Defendant moves to dismiss this claim because Leach was an employee, not a contractor. However, such information is outside the Complaint and thus not an appropriate basis for a 12(b)(6) motion. Nevertheless, this claim fails for lack of any factual support rendering the claim plausible. Plaintiffs have provided no facts to indicate that Covenant knew Leach was

unlicensed, unfit, or reckless when it hired him or that it negligently contracted with him. Thus, the Court grants Defendant's motion to dismiss Plaintiffs' claim for negligent contracting.

### g. Negligent Maintenance and Providing Unsafe Equipment

There is no allegation from Plaintiffs and the Court finds no indication in any of the pleadings that the truck was improperly maintained, defective, or unsafe because of Covenant's negligence. Without anything to show that Covenant breached a duty to properly maintain its equipment or keep it safe, there is no plausible connection between Defendant and the negligent maintenance or providing unsafe equipment claims. Consequently, the Court grants Defendant's motion to dismiss these claims.

### h. Gross Negligence

"Gross negligence involves proof of two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Guadalupe-Blanco River Authority v. Pitonyak*, 84 S.W.3d 326, 341 (Tex. App.—Corpus Christi 2002, no pet.). Thus, to be liable for gross negligence, Covenant must have had "actual, subjective, awareness of the risks involved" in letting Leach drive, and it must have been consciously indifferent to said extreme degree of risk. *Id*.

Plaintiffs have provided no information to indicate that Covenant knew Leach was an extreme risk on the road. To be liable for gross negligence, Covenant must have known of an extreme risk and consciously disregarded it. Without any information to indicate that Covenant knew of some extreme risk in letting Leach drive and consciously disregarded that risk, the

complaint is merely a conclusory allegation with no facts to support it or help the Court in making a reasonable inference that gross negligence occurred. *See Kent v. Wal-Mart Stores Tex. LLC*, No. 3:17-CV-211, 2018 WL 953348, at *3 (S.D. Tex. Feb. 20, 2018); *Charles v. K-Patents, Inc.*, No. 1:17-CV-339, 2018 WL 9869532, at *7 (E.D. Tex. Aug. 10, 2018) ("Plaintiffs' claim for gross negligence does little more than merely restate the elements of the cause of action. Plaintiffs have not alleged facts to establish intent or recklessness or any specific facts related to objective or subjective awareness."). Plaintiffs plead no specific facts to show actual, subjective awareness of the risk or conscious indifference. The Court grants Defendant's motion to dismiss this claim.

## Conclusion

Covenant's Motion to Dismiss (ECF No. 2) is DISMISSED AS MOOT. Covenant's Motion to Dismiss (ECF No. 12) is GRANTED. Plaintiffs' causes of action against Covent Transport, Inc. for negligent entrustment, negligent driver qualifications, negligent hiring, negligent training and supervision, negligent retention, negligent contracting, negligent maintenance, providing unsafe equipment, and gross negligence are dismissed. Plaintiffs' claim for *respondeat superior* liability remains pending.

Within seven days of this Order, counsel for Covenant shall file an Advisory indicating whether counsel represents Defendant Leach and whether he has been served.

SIGNED this 13th day of October, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE