IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THERESA ACUNA, ASHLEY ACUNA, | § § | |
| *Plaintiffs,* | § § § | SA-20-CV-01102-XR |
| vs. | § § § | |
| COVENANT TRANSPORT, INC., CTG LEASING COMPANY, CHARLES JAMES LEACH, | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiffs' Motion for Protective Order and Motion to Quash Defendant's Rule 45 Subpoena [#36], which was referred to the undersigned for disposition. The Court held a telephonic hearing on the motion on this day, at which Plaintiffs and Defendants appeared through counsel. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

This is a personal-injury action arising out of a motor vehicle accident that occurred on January 22, 2019. Plaintiffs allege various theories of negligence against Defendant Charles James Leach, the driver of the tractor-trailer that allegedly struck Plaintiffs' vehicle, and Defendants Covenant Transport, Inc. and CTG Leasing Company, Leach's alleged employers. Defendants served Plaintiffs with Notices of Deposition by Written Questions on January 19, 2021, requesting employment records from several named previous employers of Plaintiffs. The subpoena requests records dating back to 1972 for Plaintiff Theresa Acuna and to 1990 for Plaintiff Ashley Acuna. These records are described as including, but not limited to, the following:

> business records, time sheets, resumes, applications for employment, pre-employment screening/testing forms, questionnaires and results, physical examination reports, medical records, attendance records, evaluation reports, training manuals, reprimands, insurance records, benefits, worker's compensation records, injury reports, correspondence to or from any other person/entity, or any other information, letters or other writings, instruments or documents of nay kind or character whatsoever in the possession, custody or control of the [employer], and every such record to which the witness may have access pertaining to each [Plaintiff].

(Notice [#36-1] at 3.) Plaintiffs object to the requested discovery on the basis that it is not relevant and proportional to the needs of this case, unduly burdensome, constitutes an invasion of privacy, and seeks information that is privileged. Plaintiffs ask the Court to issue a protective order and limit the scope of discovery at issue to wage and payroll documentation and the timeframe of one year prior to the date of the collision underlying this suit.

Prior to the scheduled hearing, the parties conferred in an attempt to resolve their dispute and were able to reach an agreement to limit the timeframe of the employment requests to three years prior to the date of the collision to the present. They were unable to reach an agreement as to the scope of the requested records.

Rule 26 of the Federal Rules of Civil Procedure generally limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 45 governs subpoenas and provides a mechanism for a party to seek the modification of a subpoena that subjects a person to an undue burden or requires disclosure of privileged or other protected information. *Id.* at 45(d)(3). In evaluating whether a subpoena imposes an undue burden, courts in the Fifth Circuit consider the following factors: (1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden

imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). When the target of the subpoena is a non-party, as here, the court may also consider the expense and inconvenience caused by the subpoenas. *Id.* On a motion to quash, the moving party bears the burden of demonstrating that compliance would be unreasonable or oppressive. *Id.*

Defendants seek the broad category of employment records from Plaintiffs in order to discover the general level of physical activity of Plaintiffs both before and after the accident, as well as the physical requirements of Plaintiffs' employment. Defendants contend that this information is relevant to Plaintiffs' claim for damages, which includes medical expenses associated with post-accident surgeries and a nominal amount for lost wages. Plaintiffs have established that allowing Defendants to access the entirety of their employment records is not proportional to the needs of this case, and Defendants were only able articulate the relevance of a subset of the requested documents. The Court will therefore grant Plaintiffs' motion in part and limit the scope of the discovery to Plaintiffs' timesheets, wage sheet documents, job applications, resumes, job description(s), performance evaluations, accommodation requests, and worker's compensation applications (and associated documentation regarding injuries) from January 22, 2016 to the present. In doing so, the Court will also order the parties to confer on and jointly move for the entry of an agreed protective order that will enable them to designate all or some of the employment records to be designated as confidential or for attorney's eyes to ensure that any private medical or other information remains confidential. The parties are advised that a form protective order is available on the Court's website.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order and Motion to Quash Defendant's Rule 45 Subpoena [#36] is **GRANTED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that the parties confer and submit an agreed protective order for the Court's entry on or before **February 12, 2021**.

SIGNED this 5th day of February, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE