IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THERESA ACUNA, ASHLEY ACUNA, | § | |
| | § | |
| *Plaintiffs,* | § | SA-20-CV-01102-XR |
| | § | |
| vs. | § | |
| | § | |
| COVENANT TRANSPORT, INC.,  CTG | § | |
| LEASING COMPANY, CHARLES | § | |
| JAMES LEACH, | § | |
| | § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is Theresa and Ashley Acuna's Motion to Compel Defendant Covenant Transport, Inc., to Respond to Plaintiffs' Requests for Production and Rule 26(a) Disclosures [#47].  The Court held a hearing on the motion on April 13, 2021, at which the parties were present through counsel.  After reviewing the motion and joint advisory [#55], and considering the arguments of counsel at the hearing, the Court issued certain oral rulings and now memorializes these ruling with this written Order.

By their motion, Plaintiffs ask the Court to compel Defendant Covenant Transport, Inc. ("Covenant") to respond fully to Plaintiffs' Requests for Production that were issued on August 26, 2020.  Covenant answered Plaintiffs' Requests for Production on November 23, 2020, but Plaintiffs argue that Covenant should be compelled to produce various categories of additional documents that Covenant withheld.  The parties partially resolved their dispute prior to the hearing, leaving eighteen requests at issue.  At the hearing, Plaintiffs withdrew her motion to compel further responses to Requests for Production #61, 63, 69, and 84.

The undersigned first addresses a threshold matter.  At the hearing, counsel for Plaintiffs argued that Plaintiffs should be entitled not just to discovery related to their negligence and

1

*respondeat superior* claims, but also relevant to their claims that were dismissed by the District Court. After Plaintiffs were afforded the opportunity to replead, the District Court granted Covenant's motion to dismiss Plaintiffs' claims of negligent entrustment, negligent driver qualifications, negligent hiring, negligent training and supervision, negligent retention, negligent contracting, negligent maintenance, providing unsafe equipment, and gross negligence. (*See* Order Granting Mtn. to Dismiss [#14], at 4.) Plaintiffs argue that through discovery, they may uncover sufficient evidence to support some of these dismissed claims and then file an amended pleading reasserting those claims. But the deadline to file a motion to seek leave to amend pleading expired on March 19, 2021. (*See* Scheduling Order [#22], at 1.) And Rule 26 only permits discovery "regarding any nonprivileged matter that is relevant to ***any party's claim or defense*** and proportional to the needs of the case." Fed. R. P. 26(b)(1) (emphasis added). The only claims that are currently pending in this case are for negligence against Defendant Leach and *respondeat superior* against Covenant. (*See* Sec. Am. Compl. [#27], at 3–4.)

Thus, the undersigned limits discovery in this case to what is proportional and relevant to Plaintiffs' negligence and *respondeat superior* claims. Consistent with the foregoing and the reasons stated on the record during the hearing, the Court now enters the following written orders confirming its oral rulings:

**IT IS ORDERED** that Theresa and Ashley Acuna's Motion to Compel Defendant Covenant Transport, Inc., to Respond to Plaintiffs' Requests for Production and Rule 26(a) Disclosures [#47] is **GRANTED IN PART and DENIED IN PART,** and specifically, with regard to:

- Request for Production #24: **GRANTED IN PART.** Covenant is ordered to produce within fourteen days the Omnitracs report for the vehicle operated by Defendant Leach for the two weeks preceding January 22, 2019.

- Request for Production #48:  **GRANTED IN PART.**  Covenant is ordered to produce within fourteen days the logs for hours of service for Defendant Leach for the two weeks preceding January 22, 2019.

- Request for Production #58 and #59: **GRANTED IN PART.**  Covenant is ordered to produce within fourteen days any and all pre-trip, post-trip, or trip ticket records by Defendant Leach and the co-driver of his vehicle for the two weeks preceding January 22, 2019.

- Request for Production #60: **DENIED.**

- Request for Production #66: **GRANTED.**  Covenant is ordered to produce within fourteen days any files and records maintained in reference to any vehicular accident prior to the accident in question where Defendant Leach was the driver of the vehicle.

- Request for Production #67 and #70: **GRANTED IN PART**.  Covenant is required to produce within fourteen days the DOT form in its native Excel form.  Covenant is also ordered within fourteen days to review its compliance reviews and its safety audits by the Department of Transportation and produce any documents that refer to Defendant Leach or to the vehicle he drove on January 22, 2019.

- Request for Production# 68: **DENIED.**

- Request for Production #71: **GRANTED IN PART**.  Covenant is ordered to produce within fourteen days any organizational charts that indicate the reporting chain for Defendant Leach.

- Request for Production #73: **DISMISSED AS MOOT.**

- Request for Production #78: **GRANTED IN PART.**  Covenant is ordered to produce within fourteen days all emails to or from Defendant Leach that address driving hours or safety/compliance concerns for the three months prior to January 22, 2019.

- Request for Production #85: **DISMISSED AS MOOT.**

- Request for Production #86: **DENIED WITHOUT PREJUDICE** to reasserting after the procedures described in this Order are followed.

**IT IS FURTHER ORDERED**, with regard to Request for Production #86, that Plaintiffs and Covenant must **CONFER** regarding Covenant's position on whether there are responsive documents and whether Covenant is invoking privileges with regard to any responsive documents.  If so, Covenant should produce a privilege log that complies with the Federal Rules

of Civil Procedure describing the responsive, privileged documents.  If after conferring, the parties are unable to resolve any dispute related to Covenant's assertion of a privilege, Plaintiffs may file a new motion and request an *in camera* inspection.

**IT IS FINALLY ORDERED** that any relief requested not expressly granted is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 14th day of April, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE