IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THERESA ACUNA, ASHLEY ACUNA, | § § | |
| *Plaintiffs,* | § § § | SA-20-CV-01102-XR |
| vs. | § § | |
| COVENANT TRANSPORT, INC., CTG LEASING COMPANY, CHARLES JAMES LEACH, | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are Plaintiffs' Motions for Protective Order and Motion to Quash Defendants' Rule 45 Subpoena [#64, #67], which were referred to the undersigned for disposition on August 16, 2021, and August 18, 2021, respectively. On this day, the Court held a hearing on the motions by videoconference, at which all parties appeared through counsel.

This is a personal-injury action arising out of a motor vehicle accident between a vehicle operated by Plaintiff Theresa Acuna, in which Plaintiff Ashley Acuna was a passenger, and a tractor-trailer operated by Defendant Charles Leach that was owned or leased by Defendant Covenant Transport, Inc. The motions concern various subpoenas served on Plaintiffs' medical providers, requesting medical and billing records for each Plaintiff. Prior to the hearing, the parties resolved all of their disputes except for the request for billing records from the providers. Defendants have agreed to limit their records requests for only three years prior to the date of the incident made basis of this suit (from January 22, 2016) to the present. Plaintiffs continue to object to the production of the billing records, even with this narrowed time frame.

1

On a motion to quash, the moving party bears the burden to demonstrate that compliance with the subpoena would be unreasonable, overly burdensome, and oppressive. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The moving party here is Plaintiffs, not the medical providers from whom the records are sought, and so Plaintiffs do not (and could not) argue that the records request is unduly burdensome or oppressive. Plaintiffs simply argue that the billing records are not relevant or proportional to the issues in this lawsuit. Rule 26 provides broad access to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

At the hearing, Defendants argued that the billing records are relevant to Plaintiffs' claims of personal injury because billing records frequently contain detail regarding treatment information that is often left incomplete in the medical records themselves. Defendants are not seeking the subpoenaed billing records to ascertain any information related to the billed amounts of various medical procedures received by Plaintiffs but rather to get a more complete picture of Plaintiffs' recent health history, which could bear on the cause of their claimed injuries in this suit. Defendants have articulated the basis for their request for these billing records and the Court finds the records to be both relevant to Plaintiffs' claims and, with the narrowed time frame, proportional to the issues in this suit. The Court will therefore deny the motions to quash.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions for Protective Order and Motion to Quash Defendants' Rule 45 Subpoena [#64, #67] are **DENIED**.

SIGNED this 31st day of August, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE