IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THERESA ACUNA, ASHLEY ACUNA, | § | |
| | § | |
| *Plaintiffs,* | § | SA-20-CV-01102-XR |
| | § | |
| vs. | § | |
| | § | |
| COVENANT TRANSPORT, INC.,  CTG | § | |
| LEASING COMPANY, CHARLES | § | |
| JAMES LEACH, | § | |
| | § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action are the following discovery motions, which were referred to the undersigned for disposition: Plaintiffs' Second Motion for Protective Order and Motion to Quash Defendants' Rule 45 Subpoena Related to Medical Providers [#73], Motion to Quash and Protective Order of Interventional Pain Management, P.A., and TriCity Pain Associates and for Sanctions and Attorney's Fees [#76], Motion to Quash and for Protective Order of Alamo City Pharmacy and Motion for Sanctions and Attorneys' Fees [#77], Motion to Quash and Protective Order of River City Chiropractic and Motion for Sanctions and Attorneys' Fees [#78], and Defendants' Motion to Compel Plaintiffs' Discovery Responses [#85].

On September 23, 2021, the Court held a hearing on the motions by videoconference, at which all parties and non-parties appeared through counsel.  In addition to the arguments and presentation of counsel at the hearing, the Court has also considered the following written responses to the motions [#86, #87, #88].  At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this brief written Order.

1

This is a personal-injury action arising out of a motor vehicle accident between a vehicle operated by Plaintiff Theresa Acuna, in which Plaintiff Ashley Acuna was a passenger, and a tractor-trailer operated by Defendant Charles Leach that was owned or leased by Defendant Covenant Transport, Inc.  Plaintiffs allege they sustained serious injuries from the accident. Both Plaintiffs have undergone spinal surgeries, which they claim were necessary treatment for their injuries.

Through discovery, Defendants have determined that both Plaintiffs had some form of health insurance at the time of the accident and their medical treatment.  However, both Plaintiffs elected not to bill their insurance for any of their medical procedures or treatment and to self-pay.  Plaintiffs seek to recover damages of almost $700,000 in past medical expenses through this lawsuit.

Defendants have served subpoenas on the medical providers who treated Plaintiffs for their alleged injuries arising out of the accident aimed at determining whether the amounts billed to Plaintiffs for their treatment are reasonable.  Defendants subpoenaed 14 of Ashley Acuna's providers and 17 of Theresa Acuna's providers.  These providers include radiologists, surgical hospitals, emergency physicians, pain management providers, chiropractors, orthopedic centers, and pharmacies.  The subpoenas served on each provider are identical, regardless of the type of provider.

Plaintiffs and several of those medical providers—Interventional Pain Management, P.A./TriCity Pain Associates, Alamo City Pharmacy, River City Chiropractic, and American Health Imaging—moved to quash the subpoenas, arguing they seek irrelevant information not proportional to the needs of this case and are unduly burdensome in their breadth and scope. Defendants have also moved to compel Plaintiffs to respond to two requests for production

aimed at discovering whether Plaintiffs have any agreements with any of their medical providers, such as letters of protection, that pertain to Plaintiffs' treatment.

Prior to the Court's hearing, American Health Imaging was able to resolve its dispute with Defendants and is no longer seeking Court intervention. Accordingly, these motions were dismissed as moot before the hearing. At the hearing, Defendants informed the Court that they have agreed to withdraw their subpoenas to M&S Radiology Associates, Travis County Emergency Physicians, Baptist Medical Center, and Alamo City Pharmacy. Accordingly, the Court will dismiss as moot Alamo City Pharmacy's Motion to Quash [#77]. Remaining before the Court are the motions to quash by Interventional Pain Management/TriCity ("Interventional") and River City Chiropractic ("River City"), as well as Plaintiffs' motion to quash all of the subpoenas to all the medical providers in their entirety and Defendants' motion to compel.

All of these motions concern the scope of the discoverability of medical providers' negotiated rates and fee schedules with private insurers and public-entity payors on the issue of reasonableness of the rates charged to uninsured patients or those electing to proceed as self-pay for the same services. At the center of the parties' dispute is the Texas Supreme Court's recent decision in *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 244 (Tex. 2021) (orig. proceeding), reh'g denied (Sept. 3, 2021). In *K&L Auto Crushers*, the Texas Supreme Court extended their holding in *In re North Cypress Medical Center Operating Co.*, 559 S.W.3d 128, 129 (Tex. 2018) (orig. proceeding)—that such rates are relevant and discoverable in a suit challenging the reasonableness of a hospital lien—to the context of personal-injury litigation, which only permits the recovery of reasonable expense from a tortfeasor. *Id.* at 248–51. The Texas Supreme Court did not, however, hold that all communications or all documents regarding

the rates charged for various procedures are automatically discoverable. *Id.* at 251.  Courts faced with discovery disputes regarding these issues must still evaluate discovery requests for proportionality and ensure they are narrowly tailored so as not to be unduly burdensome, whether applying state or federal standards. *Id.* at 251–55.

In light of *K&L Auto Crushers*, the Court finds Plaintiffs' motion to quash to be without merit.  First, Plaintiffs' primary argument advanced in their motion is that Defendants have already once subpoenaed these providers (with Court approval) and are not entitled to "a second bite at the apple."  Yet, the Court's prior order limiting the scope of Defendants' subpoena to Plaintiffs' medical providers addressed subpoenas aimed at discovering information on Plaintiffs' medical history and the necessity of treatment, not the reasonableness of billed charges.  Nothing in the Court's previous order prevents Defendants from serving a second subpoena targeting additional discovery.  Second, Plaintiffs lack standing to assert undue burden on behalf of the third-party medical providers.  Finally, Plaintiffs' blanket relevance objection cannot withstand the Texas Supreme Court's recent pronouncement.

On a motion to quash, the moving party bears the burden of demonstrating that compliance with the subpoena would be unreasonable or oppressive or the discovery request is overbroad. *Wiwa v. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *McLeod, Alexander, Powell & Apffel, PC., v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).  Plaintiffs' motion does not advance any specific argument as to what aspects of the subpoena are overbroad or seek irrelevant information, and when pressed at the hearing, Plaintiffs could not provide the Court with any specific proposal as to where or how to draw the line on what is or is not relevant and proportional to the needs of this case in light of *In re K & L Auto Crushers*.  Plaintiffs have

4

not carried the burden of persuasion on their motion, and the Court will deny their requested relief.

As to the motions to quash by River City and Interventional, these parties, as the recipients of the subpoenas, have standing to assert arguments that the subpoenas impose an undue burden and are therefore oppressive. The Court agrees with the third parties that Defendants could have served subpoenas that were more narrowly tailored to the specific providers at issue and the types of procedures they perform. Nonetheless, the Court declines to go line-by-line through the subpoena and decide at this juncture which requests for production are reasonable and which exceed the scope of proportionality in this case. Defendants have expressed their willingness to confer and to limit the subpoenas issued. Based on the representations of the parties at the hearing, further conference will likely narrow and resolve the majority of issues. Accordingly, the Court will hold these motions in abeyance so the parties can attempt further conference and clarify the kinds of documents each provider might have in their possession.

Finally, the Court will grant Defendants' motion to compel. Requests for Production 3 asks Plaintiffs to produce "all copies of any reports, notes, correspondence, billing statements, letters of protection, or other written materials of any kind created or reviewed by any expert witness who may be called to testify at the time of trial." Request for Production 22 seek "copies of any agreements with any medical or other health care providers to provide you with any medical treatments, diagnostics or other procedures, as well as medication relating to the treatment or diagnosis of conditions that you contend were proximately caused by the negligence of any party to this lawsuit." Plaintiffs objected to these requests as premature, vague, overbroad, and irrelevant. The Texas Supreme Court in *K & L Auto Crushers* acknowledged the

relevance of letters of protection and other such agreements between plaintiffs and their medical providers that might "give the providers a direct financial stake in the resolution of [the plaintiff's] claims" and how these agreements might bear on the proportionality inquiry.  627 S.W.3d at 254.  Such agreements are discoverable.  Plaintiffs attempted to assert a work-product privilege at the hearing as to these documents, but this was not an objection lodged in response to the discovery and has therefore been waived.  Defendants have satisfied their burden to demonstrate that the documents requested are relevant to the reasonableness of Plaintiffs' claimed damages and proportional to the needs of this case.  The Court will grant Defendants' motion to compel.

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion for Protective Order and Motion to Quash Defendants' Rule 45 Subpoena Related to Medical Providers [#73] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Quash and for Protective Order of Alamo City Pharmacy and Motion for Sanctions and Attorneys' Fees [#77] is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Plaintiffs' Discovery Responses [#85] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Quash and Protective Order of Interventional Pain Management, P.A., and TriCity Pain Associates and for Sanctions and Attorney's Fees [#76] and Motion to Quash and Protective Order of River City Chiropractic and Motion for Sanctions and Attorneys' Fees [#78] are held in **ABEYANCE**.

**IT IS FINALLY ORDERED** that the parties and non-parties Interventional Pain Management, P.A., TriCity Pain Associates, and River City Chiropractic file an updated

advisory on or before **October 1, 2021**, informing the Court of the results of their conference and whether an additional status conference or hearing is needed on their motions.

SIGNED this 24th day of September, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE