IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THERESA ACUNA, ASHLEY ACUNA, | § § | |
| *Plaintiffs,* | § § § | SA-20-CV-01102-XR |
| vs. | § § § | |
| COVENANT TRANSPORT, INC., CTG LEASING COMPANY, CHARLES JAMES LEACH, | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are the third-party Motions to Quash filed by Interventional Pain Management, P.A., and TriCity Pain Associates [#76] and River City Chiropractic [#78]. The Court held two hearings on these and related motions, the most recent of which was held via videoconference on October 29, 2021, at which counsel for all parties and the third parties appeared. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

## I. Background

This is a personal-injury action arising out of a motor vehicle accident between a vehicle operated by Plaintiff Theresa Acuna, in which Plaintiff Ashley Acuna was a passenger, and a tractor-trailer operated by Defendant Charles Leach that was owned or leased by Defendant Covenant Transport, Inc. Plaintiffs allege they sustained serious injuries from the accident. Both Plaintiffs have undergone spinal surgeries, which they claim were necessary treatment for their injuries.

Through discovery, Defendants have determined that both Plaintiffs had some form of health insurance at the time of the accident and their medical treatment. However, both Plaintiffs

elected not to bill their insurance for any of their medical procedures or treatment and to self-pay.  Plaintiffs seek to recover damages of almost $700,000 in past medical expenses through this lawsuit.

Defendants have served subpoenas on the medical providers who treated Plaintiffs for their alleged injuries arising out of the accident aimed at determining whether the amounts billed to Plaintiffs for their treatment are reasonable.  Defendants subpoenaed 14 of Ashley Acuna's providers and 17 of Theresa Acuna's providers.  These providers include radiologists, surgical hospitals, emergency physicians, pain management providers, chiropractors, orthopedic centers, and pharmacies.  The subpoenas served on each provider are identical, regardless of the type of provider.

Plaintiffs and several of those medical providers—Interventional Pain Management, P.A. and TriCity Pain Associates, Alamo City Pharmacy, River City Chiropractic, and American Health Imaging—moved to quash the subpoenas, arguing they seek irrelevant information not proportional to the needs of this case and are unduly burdensome in their breadth and scope. Defendants also moved to compel Plaintiffs to respond to two requests for production aimed at discovering whether Plaintiffs have any agreements with any of their medical providers, such as letters of protection, that pertain to Plaintiffs' treatment.

The Court held an initial hearing on the motions on September 23, 2021.  Prior to the Court's hearing, American Health Imaging resolved its dispute with Defendants, and Defendants agreed to withdraw their subpoenas to M&S Radiology Associates, Travis County Emergency Physicians, Baptist Medical Center, and Alamo City Pharmacy, leaving only Plaintiffs' motion to quash, Defendants' motion to compel, and the third-party motions to quash by Interventional Pain Management and TriCity ("Interventional and TriCity") and River City Chiropractic

("River City"). After the hearing, the Court issued an order granting Defendants' motion to compel and denying Plaintiffs' motion to quash, relying on the Texas Supreme Court's recent decision in *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239 (Tex. 2021) (orig. proceeding), reh'g denied (Sept. 3, 2021).

The Texas Supreme Court held in *In re K & L Auto Crushers* that medical providers' negotiated rates and fee schedules with private insurers and public-entity payors are relevant and discoverable in personal-injury litigation on the issue of the reasonableness of a plaintiff's claimed damages. In light of this decision, this Court held there is no longer a defensible objection to subpoenas for this information based on irrelevance and, therefore, Plaintiffs' motion to quash should be denied, and Defendants were entitled to at least some of the subpoenaed information. The Court, however, ordered third-parties Interventional, TriCity, and River City ("the third-party providers") to further confer with Defendants on the outstanding subpoenas and attempt to reach an agreement that ensured the information sought was narrowly tailored and proportional to the needs in this case. Defendants and the third-party providers were unable to resolve all of their disputes and requested an additional hearing.

Prior to the Court's second hearing, Defendants and the third-party providers filed a Joint Advisory [#105], informing the Court that they had resolved all issues presented in the pending motions except for the scope of request number three. Request number three asks the third-party providers for their "fee schedule in effect on July 2019 for procedures provided on Plaintiff including but not limited to, fee schedule with an insurance company, payor of insurance services, and or private pay patient." The Advisory states that the third-party providers maintain they do not have any documents entitled "fee schedules," whereas Defendants believe this term should be construed broadly to include any documentation of the reimbursement rates at issue.

The Advisory also states that the third-party providers now assert that even if they had such documents in their possession, they are confidential and cannot be disclosed.

At the Court's hearing, counsel for the third-party providers relayed that River City had resolved its motion to quash. The Court will therefore dismiss this motion as moot. Interventional and TriCity, however, continue to object to request number three. The Court will deny Interventional and TriCity's motion to quash for the following reasons.

## II.  Analysis

Rule 26 provides broad access to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). On a motion to quash, the moving party bears the burden to demonstrate that compliance with the subpoena would be unreasonable, overly burdensome, and oppressive. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

The Texas Supreme Court has already held that the type of information sought in request number three is discoverable and relevant to the reasonableness of the medical charges to Plaintiffs. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d at 244. Interventional and TriCity have not carried their burden to demonstrate that producing the "fee schedules" referenced in request number three is overly burdensome or oppressive or that the confidentiality concerns cited in the parties' Advisory cannot be addressed by the existing protective order in this case [#46]. The Texas Supreme Court specifically addressed these same confidentiality concerns in *In re K & L Auto Crushers* and declined to sustain a similar objection. *See id.* at 256 ("Even if the requested documents contain confidential information or trade secrets, the providers have not shown that an appropriate protective order will not address their concerns."). Pursuant to the

4

parties' protective order, the fee schedules and reimbursement rates at issue may be designated as confidential or for attorneys' eyes only.

As to the scope of request number three, the Court interprets the term "fee schedule" broadly, such that Interventional and TriCity must produce not just documents entitled "fee schedule" but also any document that sets forth the rate of reimbursement for the relevant medical procedures during the relevant time period, including from Medicare, Medicaid, and private insurers.  Because the providers contract with several private insurers, the Court further finds that requiring Interventional and TriCity to produce such documents from the four insurers that received the most claims from their patients for the relevant procedures during the relevant time period is proportional to the needs of this case.  Accordingly, the Court will deny the motion to quash of Interventional and TriCity and order the entities to respond to the subpoena as set forth herein.

Additionally, during the Court's hearing, a number of factual disputes came to light regarding Interventional and TriCity and their relationship to one another and their policies, structure, and fee schedules.  Counsel for Interventional informed the Court and Defendants for the first time in this litigation that Interventional has not accepted insurance from any patient since 2019, the year Plaintiffs received their medical treatment in connection with this case, so Interventional would have no documents responsive to the request for fee schedules.  According to counsel, TriCity, however, continues to accept insurance.  Counsel for Interventional also insisted that all of Plaintiffs' medical care was performed by Interventional alone and that TriCity is a separate legal entity that is completely uninvolved in Plaintiffs' care.  At the Court's previous hearing, however, counsel for Interventional and TriCity represented to the Court and the parties that the entities, though legally distinct, are in the process of merging to operate

completely under TriCity.  Counsel for Interventional and TriCity also conceded that the same medical providers perform identical procedures on behalf of Interventional and TriCity, and there is overlap in the two entities' administration.  In fact, there is so much overlap between the two entities that the custodian of records for both entities is the same individual, and an inaccurate records affidavit was produced in this case that indicates the affiant is a records custodian for one entity but attaches records from the other.

In sum, for purposes of these subpoenaed records, Interventional and TriCity should both respond to the outstanding subpoena, as the confusion about the extent to which these entities overlap in care and billing was created by the providers' own responses to the original subpoenas and contradictory statements.  In light of these contradictions and the factual issues raised in the hearing, the Court also will order Interventional and TriCity to amend their records affidavits to reflect accurate information regarding Plaintiffs' treatment and records.  Interventional and TriCity are also ordered to designate a corporate representative or representatives to testify at a deposition on the structure of the two companies during the relevant time period.

This ruling only addresses the scope of discovery to be conducted; after the additional ordered discovery takes place, the parties can, of course, argue further about the relevance of the documents produced by either Interventional or TriCity, as both sides will be equipped with information about whether and to what extent these entities' operations overlap.

**IT IS THEREFORE ORDERED** that River City Chiropractic's Motion to Quash [#78] is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the Motion to Quash filed by Interventional Pain Management, P.A., and TriCity Pain Associates [#76] is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **November 24, 2021**, both Interventional Pain Management and TriCity Pain Associates must provide documents responsive to request number three (fee schedules/reimbursement rates for Medicaid/Medicare and private insurers for the relevant procedures during the relevant time period).

**IT IS FURTHER ORDERED** that on or before **November 24, 2021,** Interventional Pain Management and TriCity Pain Associates must amend their records affidavits with corrected information.

**IT IS FURTHER ORDERED** that Defendants are entitled to take the deposition of the corporate representative(s) of Interventional Pain Management and TriCity Pain Associates within **30 days** of receiving the amended affidavits.

SIGNED this 4th day of November, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE