IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THERESA ACUNA, ASHLEY ACUNA, | § § | |
| *Plaintiffs,* | § § § | SA-20-CV-01102-XR |
| vs. | § § | |
| COVENANT TRANSPORT, INC., CTG LEASING COMPANY, CHARLES JAMES LEACH, | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are the following four discovery motions: Defendants' Motion to Compel Plaintiffs' Third Party Medical Providers DWQ Responses [#114], Motion for Protective Order of Movant Cumberland Surgical Hospital of San Antonio, LLC d/b/a Legent Orthopedic & Spine [#117], Defendants' Motion to Compel [#118], and Plaintiffs' Motion for Protective Order and Motion to Quash Defendant's Rule 45 (subpoena) [#122]. The Court held a hearing on the motions on January 5, 2022, at which counsel for all parties and third-party Cumberland Surgical Hospital of San Antonio d/b/a Legent Orthopedic and Spine (hereinafter "Legent") appeared. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

## I.  Background

This is a personal-injury action arising out of a motor vehicle accident between a vehicle operated by Plaintiff Theresa Acuna, in which Plaintiff Ashley Acuna was a passenger, and a tractor-trailer operated by Defendant Charles Leach that was owned or leased by Defendant Covenant Transport, Inc.  Plaintiffs allege they sustained serious injuries from the accident.

Both Plaintiffs have undergone spinal surgeries, which they claim were necessary treatment for their injuries.

Through discovery, Defendants have determined that both Plaintiffs had some form of health insurance at the time of the accident and their medical treatment for their injuries. However, both Plaintiffs elected not to bill their insurance for any of their medical procedures or treatment and to self-pay. Plaintiffs seek to recover damages of almost $700,000 in past medical expenses through this lawsuit.

Defendants have served subpoenas on the medical providers who treated Plaintiffs for their alleged injuries arising out of the accident aimed at determining whether the amounts billed to Plaintiffs for their treatment are reasonable. These providers include radiologists, surgical hospitals, emergency physicians, pain management providers, chiropractors, orthopedic centers, and pharmacies. The subpoenas served on each provider are identical, regardless of the type of provider.

The Court has already disposed of several motions related to these subpoenas—motions filed by the parties and those third-party health care providers who either objected to the subpoena or filed motions to quash themselves. Defendants now move to compel those providers who have neither objected nor responded to the subpoenas—Legent, DC Medical Solution, MD Spine Care a/k/a Innovative Spine, Mission Diagnostics LLC, Nerve Pro, ACME Medical PLLC, and South Texas Spine & Surgical Hospital—to provide responses to certain written questions. In response to Defendants' motion to compel, only one of the provider—Legent—filed a motion to quash the subpoena or appeared at the Court's hearing.

Additionally, Defendants have moved to compel Plaintiffs to provide the information regarding a treatment provider Ashley Acuna referenced in her deposition and for the contact information for Plaintiffs' former supervisors, Brenda Rodriguez and Carolyn Tucker, so that Defendants may depose these individuals.

Finally, Plaintiffs have moved to quash Defendants' subpoena to various medical providers who treated Theresa Acuna prior to the accident. Defendants are seeking medical, pharmacy, and phone records in the providers' possession that relate to Theresa Acuna, but Plaintiffs argue these records from previous providers are irrelevant because they are unrelated to the injuries and treatments at issue in this case and they are too broad in scope.

For the reasons that follow, the Court will grant in part Defendants' motion to compel regarding the third-party medical providers, deny Legent's motion to quash, grant Defendants' motion to compel regarding the information from Plaintiffs, and grant in part Plaintiffs' motion to quash.

**I. Defendants' Motion to Compel [#114] and Legent's Motion to Quash [#117]**

Defendants' Motion to Compel asks the Court to compel various medical providers (Legent as well as DC Medical Solution, MD Spine Care, Mission Diagnostics LLC, Nerve Pro, ACME Medical PLLC, and South Texas Spine & Surgical Hospital) to respond to Requests 3, 28, and 54 in the subpoena at issue. During the hearing, Defendants and Legent focused on Request 3, which seeks for "fee schedules in effect on July 2019 for procedures provided on Plaintiff including but not limited to, fee schedule with an insurance company, payor of insurance services, and or private pay client." At the hearing, it was clarified that Legent does not have any documents responsive to Requests 28 or 54 that it is withholding.

Advisories filed prior to the hearing establish that Defendants have resolved their dispute with South Texas Spine & Surgical Hospital. Additionally, DC Medical Solution and MD Spine Care have agreed to respond to Defendants' subpoena and have represented to Defendants' counsel that the response is forthcoming. Defendants nonetheless ask the Court for an order compelling responses from Legent, DC Medical Solution, MD Spine Care, Mission Diagnostics LLC, Nerve Pro, and ACME Medical PLLC. As previously noted, Legent is the only provider to have filed a motion to quash or a response to Defendants' motion objecting to the subpoena or to appear at the Court's hearing, even though the other providers were also notified of the subpoena and the Court setting.

Legent's motion to quash argues that the subpoena and accompanying deposition on written questions, insofar as they seek production of contractual fee schedules and reimbursement rates, are overbroad, irrelevant, and seek the disclosure of trade secrets protected by Texas law. In response to Legent's motion to quash, Defendants ask the Court to find that Legent has waived its objections by failing to object or respond until three months after the subpoena was served. *See* Fed. R. Civ. P. 45(d)(2)(B) (requiring objections to a subpoena before the earlier of the time specified for compliance or 14 days after service). Regardless of the untimeliness of Legent's objections, the Court will deny the motion to quash.

The Court has already denied a number of motions to quash filed by other third-party medical providers in this case regarding the same request by Defendants. In federal court, parties are entitled to discovery on any nonprivileged matter relevant to any party's claim or defense if it is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). This case involves personal injury claims under Texas law, and the Texas Supreme Court recently clarified that medical providers' negotiated rates and fee schedules with private insurers and public-entity

payors are relevant and discoverable in personal-injury litigation on the issue of the reasonableness of a plaintiff's claimed damages. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 258 (Tex. 2021) (orig. proceeding), reh'g denied (Sept. 3, 2021). Accordingly, the Texas Supreme Court has already held that the type of information sought in request number 3 is discoverable and relevant to the reasonableness of the medical charges to Plaintiffs.

Applying this precedent, the Court finds that Defendants are entitled to the fee schedules and reimbursement rates for 2019, the year of Plaintiffs' treatment, as to the services that were provided to Plaintiffs. During the hearing, Defendants further narrowed their request and are only seeking the schedules and rates for the insurer(s) who insured Plaintiffs at the time Legent performed Plaintiffs' medical procedures. These limitations in time and scope make the disclosures proportional to the needs in this case, and they are relevant to the determination of whether the claimed damages for past medical expenses by Plaintiffs are reasonable.

In doing so, the Court rejects Legent's argument raised in its motion to quash that the requested fee schedules are trade secrets that are protected from disclosure under Texas law. The Texas Uniform Trade Secrets Act ("TUTSA") requires that courts preserve the secrecy of an alleged trade secret by reasonable means. Tex. Civ. Prac. & Rem. Code § 134A.006. Information is only a trade secret if "the owner of the trade secret has taken reasonable measures under the circumstances to keep the information secret . . . ." *Id.* at § 134A.002(6)(A); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 611 (5th Cir. 2011) ("It is self-evident that the subject matter of a trade secret must be secret."). When trade secret privilege is asserted as the basis for resisting production, "the party resisting discovery must establish that the information sought is indeed a trade secret and that disclosure would be harmful." *In re Cont'l Gen. Tire, Inc.*, 979 S.W.2d 609, 612 (Tex. 1998); *see In re Daimler Trucks N. Am. LLC*,

551 S.W.3d 833, 838 (Tex. App.—San Antonio 2018, no pet.) (continuing to apply *Continental General Tire*'s burden-shifting framework after the passage of TUTSA). The burden then shifts to the requesting party to establish that the information is relevant and necessary for a fair adjudication of the party's claims or defenses. *Cont'l Gen. Tire, Inc.*, 979 S.W.2d at 612–13. "If the trial court orders disclosure, it should enter an appropriate protective order." *Id.* at 612.

Legent has failed to satisfy its burden to demonstrate that the requested fee schedules are trade secrets because the schedules are not kept secret. As other courts have recognized, health insurers routinely disclose to patients their contractually agreed reimbursement rate with medical providers as part of their explanation of benefits. These explanations of benefits detail "the insurer's negotiated rates and the patient's out of pocket costs." *Am. Hosp. Ass'n v. Azar*, 983 F.3d 528, 532 (D.C. Cir. 2020).

Moreover, even if the fee schedules were trade secrets, Defendants have satisfied their burden to establish that the information is nonetheless discoverable because the fee schedules are "necessary for a fair adjudication" of Defendants' defense that Plaintiffs' claimed damages are not reasonable. *Cont'l Gen. Tire, Inc.*, 979 at 613. Defendants' need for the information outweighs any potential harm to Legent or any other medical provider of Plaintiffs. *See id.* The Texas Supreme Court in *K&L Auto Crushers* reasoned that even if the requested documents contain confidential information or trade secrets, a protective order can adequately address any concerns about disclosure and protect the secrecy of the information. 627 S.W.3d at 256. A protective order has already been entered in this case, and Legent may designate any disclosed fee schedules as confidential or attorney's eyes only. Any attorney violating the protective order is subject to sanctions, up to and including disbarment. Additionally, Legent may confer with

Defendants about alternative ways to produce the information that might further address confidentiality concerns.

Finally, the Court also rejects Legent's assertion that the requested production imposes an undue burden on a non-party. To begin with, Legent is not a typical uninvested third party, as it has entered into a letter of protection with Plaintiffs to be paid out of the proceeds of this lawsuit. As the Texas Supreme Court recognized, "[a]ny weight the providers' non-party status may have on the burden issue is substantially offset by the fact that the 'letters of protection' give the providers a direct financial stake in the resolution of [Plaintiffs'] claims." *Id.* at 254. In addition, as Legent conceded at the hearing, the Court is requiring the disclosure of a much smaller category of documents and information than was requested in the original request, and so the estimates of cost and burden in Legent's affidavit far exceed the costs Legent will incur in complying with this order.

In summary, the Court will deny Legent's motion to quash, grant Defendants' motion to compel in part with regard to Legent, and order Legent to produce documents responsive to Requests 3 as set forth herein.

As to the other providers who did not appear at the hearing and did not respond to the motion to compel— DC Medical Solution, MD Spine Care, Mission Diagnostics LLC, Nerve Pro, and ACME Medical PLLC—the Court grants Defendants' motion to compel as unopposed. Even if these providers had responded and asserted objections similar to Legent's regarding the requested fee schedules, the same analysis would apply. If any of these providers have distinct circumstances that go to the burdensomeness of the request, they can file a motion to reconsider this ruling. But the providers should be aware that their dilatoriness in responding to the subpoenas or seeking relief from the Court and their failure to appear at the hearing despite being

provided with notice of the setting could affect their chances at obtaining relief, and the Court has made clear its interpretation of Texas law governing the type of discovery sought here.

## II.  Defendants' Motion to Compel [#118]

Defendants' second motion to compel asks the Court to compel Plaintiffs to provide information regarding one of Ashley Acuna's medical providers and the contact information for Carolyn Tucker and Brenda Rodriguez (Plaintiffs' former supervisors).  Defendants have satisfied their burden to establish that the information sought is discoverable under Rule 26.  The Court will therefore order the production of this information.  If Plaintiffs do not have the information in their possession, they shall furnish Defendants with a sworn statement to that effect under penalty of perjury.

## III.  Plaintiffs' Motion to Quash [#122]

Plaintiffs ask the Court to quash the subpoena and accompanying deposition by written questions served on December 6, 2021, requesting medical, pharmacy, and phone records for Theresa Acuna from Texas Liver Institute, Alamo Osteopathic Physicians & Surgeons (Ms. Acuna's general practitioner), and Walgreens.  Plaintiffs argue these records are unrelated to the subject matter and physical injuries at issue in this case because they concern treatment that occurred prior to the accident and do not involve the parts of her body allegedly injured in the accident.  Having considered the arguments of the parties at the hearing, the Court will grant the motion to quash insofar as it seeks to quash the requests for billing records because these requests exceed the scope of permissible discovery in this case.  The treatment records from pre-injury doctors' visits and radiology and pharmacy records, however, may shed light on any preexisting conditions Theresa Acuna had prior to the accident that could bear on her claimed injuries and damages.  The Court will allow Defendants to obtain this information.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Plaintiffs' Third Party Medical Providers DWQ Responses [#114] is **GRANTED IN PART** as follows:

- On or before **January 28, 2022**, third-parties DC Medical Solution, Cumberland Surgical Hospital of San Antonio, LLC d/b/a Legent Orthopedic & Spine DC Medical Solution, MD Spine Care a/k/a Innovative Spine, Mission Diagnostics LLC, Nerve Pro, and ACME Medical PLLC must provide documents responsive to request number 3 as to the insurance company or companies that insured Plaintiffs at the time the provider performed Plaintiffs' medical procedures; and

- On or before **January 28, 2022**, third-parties DC Medical Solution, MD Spine Care a/k/a Innovative Spine, Mission Diagnostics LLC, Nerve Pro, and ACME Medical PLLC must respond to Requests 28 and 54 in the subpoena served by Defendants, insofar as Defendants are still seeking the documents requested therein.

**IT IS FURTHER ORDERED** that the Motion for Protective Order of Movant Cumberland Surgical Hospital of San Antonio, LLC d/b/a Legent Orthopedic & Spine [#117] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel [#118] is **GRANTED** as follows:

- On or before **January 21, 2022**, Plaintiffs must furnish Defendants with (1) the name of the provider Ashley Acuna saw located on Kirk Street in the medical plaza and (2) the contact information for Brenda Rodriguez and Carolyn Tucker. If Plaintiffs do not have this information in their possession, they should provide Defendants with a sworn statement to that effect.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Protective Order and Motion to Quash Defendant's Rule 45 (subpoena) [#122] is **GRANTED IN PART** as follows:

- The subpoenas served on December 6, 2021, to the Texas Liver Institute, Alamo Osteopathic Physicians & Surgeons, and Walgreens are **QUASHED** to the extent they seek billing records pertaining to Plaintiffs. The only records that must be produced (if responsive to the subpoenas) are medical records, pharmacy records, and radiology records from January 22, 2016, to the present.

**IT IS SO ORDERED.**

SIGNED this 10th day of January, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE