IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THERESA ACUNA, ASHLEY ACUNA, | § § | |
| *Plaintiffs,* | § § § | SA-20-CV-01102-XR |
| vs. | § § § | |
| COVENANT TRANSPORT, INC., CTG LEASING COMPANY, CHARLES JAMES LEACH, | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are the following discovery motions: Plaintiffs' Motion to Compel Defendant Covenant Transport, Inc.'s Production of Photographs, Films, Videotapes, Audiotapes, and Evidence of Same [#141], Plaintiffs' Memorandum in Support of Motion to Compel Defendant Covenant Transport, Inc.'s Corporate Representative to Answer Plaintiffs' Topics of Examination in Advance of Deposition [#142], Plaintiffs' Motion for Protective Order and Motion to Quash Defendant's Rule 45 Subpoena [#143], and Defendants' Motion for a Protective Order and Response to Plaintiffs' Memorandum in Support of Motion to Compel Defendant Covenant Transport, Inc.'s Corporate Representative to Answer Plaintiffs' Topics in Examination in Advance of Deposition [#152]. The motions were referred to the undesigned for disposition, and the Court held a hearing on the motions on February 1, 2022, at which the Court issued its oral rulings on the motions. The Court now memorializes these rulings with this written Order.

### I. Plaintiffs' Motion to Compel Production of Photographs

This is a personal-injury action arising out of a motor vehicle accident between a vehicle operated by Plaintiff Theresa Acuna, in which Plaintiff Ashley Acuna was a passenger, and a

1

tractor-trailer operated by Defendant Charles Leach that was owned or leased by Defendant Covenant Transport, Inc. a/k/a CTG Leasing Company (hereinafter "Covenant"). Plaintiffs' motion to compel the production of photographs, videos, and other such evidence arises out of the deposition testimony of John Fisher, the co-driver of Leach on the day of the collision. Fisher testified in his deposition that the tractor-trailer at issue was equipped with radar and a forward-facing camera that would show how Leach made the turn causing the collision. Yet, Covenant has denied having any photos or other documentary evidence of the truck involved in the accident in their responses to discovery. In light of Fisher's deposition testimony, Plaintiffs now move to compel Covenant to supplement its responses to Request for Production 24, which requests "[a]ll photographs, films, videotapes, and audiotapes depicting the subject incident, the location of the subject incident, and/or the individuals or transportation vehicle associated with the subject incident."

Plaintiffs have satisfied their burden to demonstrate that the requested evidence is discoverable, as it is both relevant to Plaintiffs' claims and proportional to the needs in this case. *See* Fed. R. Civ. P. 26(b)(1). At the Court's hearing, however, Covenant represented to the Court that, although the tractor-trailer is equipped with a forward-facing camera, the camera was not triggered to document the incident in question and there are no responsive documents to RFP 24. They also submitted a declaration from their client substantiating these representations. (Olszewski Decl. [#155-1].) Covenant further indicated that they may have the camera itself as well as the construction manual. The Court will therefore order Covenant to produce all documents in their custody, control, or possession that document the model and make of the camera, as well as the user manual. The Court will also order Covenant to make available for

Plaintiffs' inspection the camera itself if it is still affixed to the tractor-trailer at issue or in Covenant's possession. *See* Fed. R. Civ. P. 34(a)(2).

## II.  Plaintiffs' Motion to Compel Corporate Representative to Answer Topics

This motion arises out of Covenant's refusal to provide a corporate representative to testify on various deposition topics noticed by Plaintiffs. The topics to which Covenant objects concern general employee and driver qualifications and training, accident investigation and reporting, post-collision training, document retention policies for accident reports, and maintenance logs for all vehicles, among other topics. Covenant believes these topics are outside the scope of relevant or reasonable discovery in light of the fact that the only claims remaining in this suit are a claim for simple negligence against Leach and a claim of *respondeat superior* liability against Covenant. The District Court dismissed all of Plaintiffs' claims of direct negligence against Covenant based on such theories as negligent hiring, training, supervision, and entrustment at the outset of this case. In response to Plaintiffs' motion to compel, Covenant filed its own motion for a protective order asking the Court to limit the corporate representative deposition to those topics concerning Leach's individual negligence.

After considering the arguments of counsel in their written briefs and at the hearing, the Court will grant Covenant's motion for protective order in part and grant Plaintiffs' motion to compel in part. Plaintiffs have not satisfied their burden to demonstrate that all of the noticed deposition topics are relevant to the remaining claims in this case. *See* Fed. R. Civ. P. 26(b)(1). Covenant must produce a corporate representative for deposition prepared to testify on the noticed topics as they apply to Leach specifically. The Court will not require Covenant to provide testimony on the broad topics noticed by Plaintiffs that seek information regarding Covenant's policies generally, with the exception of Covenant's policy regarding accident

investigation for purposes of evaluating whether the investigation in this case was conducted properly and to allow Plaintiff to confirm that they have requested and received all documents and materials that were collected in the course of the investigation of the accident at issue. Accordingly, the following topics are permissible for the corporate representative deposition: (1) Leach's driver qualifications and training that he, in fact, received or should have received (including any safety training regarding turning the vehicle); (2) the hours Leach worked two weeks prior to the accident; (3) Leach's cell phone usage at the time of the accident; (4) Leach's disciplinary history prior to the accident; (5) Covenant's investigation into and reporting of the accident at issue (including the reports themselves of the accident); and (6) Covenant's policies as to how to conduct accident investigation generally.

### III.  Plaintiffs' Motion for Protective Order and Motion to Quash

This motion concerns a subpoena and notice of deposition served on Carmen Blake, the mother of Plaintiff Theresa Acuna and grandmother of Plaintiff Ashley Acuna. Plaintiffs ask the Court to quash the subpoena and prohibit the deposition because Ms. Blake is elderly and mentally ill, suffers from severe depression, is on high dosage narcotics for treatment, and is generally unfit to testify. Defendants respond that the deposition testimony is necessary to discern whether Theresa, while seeking damages for loss of earning capacity due to her personal injuries, has misrepresented her physical condition, capabilities, and current employment. According to Defendants, documents obtained in discovery suggest that Theresa is currently employed by her mother as an in-home attendant.

The Court agrees with Defendants that information regarding Theresa's current employment is discoverable and they are entitled to additional discovery to determine whether Theresa has been untruthful in her discovery responses thus far. *See* Fed. R. Civ. P. 26(b)(1).

The Court, however, does not believe, based on the filings of the parties, that the deposition of Ms. Blake, who is unlikely to provide reliable or cogent testimony, is the appropriate means to obtain that information, as her deposition would result in an undue burden. *See* Fed. R. Civ. P. 45(d); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The Court will therefore grant the motion and quash but permit Defendants to obtain some additional discovery on Theresa's employment through an additional deposition of Theresa, limited to one hour, limited to questions related to her employment relationship with her mother and the duties she performs or performed.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Defendant Covenant Transport, Inc.'s Production of Photographs, Films, Videotapes, Audiotapes, and Evidence of Same [#141] is **GRANTED IN PART** as follows: Defendant Covenant Transport, Inc., is ordered to produce to Plaintiffs all documents in its custody, control, or possession that document the model and make of the camera installed on the tractor-trailer involved in the accident at issue, as well as the user manual for the camera. Defendant is also ordered to make available for Plaintiffs' inspection the camera itself if it is still affixed to the tractor-trailer at issue or in Defendant's possession.

**IT IS FURTHER ORDERED** that Plaintiffs' Memorandum in Support of Motion to Compel Defendant Covenant Transport, Inc.'s Corporate Representative to Answer Plaintiffs' Topics of Examination in Advance of Deposition [#142] is **GRANTED IN PART** and Defendants' Motion for a Protective Order [#152] is **GRANTED IN PART** as follows: Defendant Covenant Transport, Inc. is ordered to produce a corporate representative for deposition who prepared to testify on the following topics: (1) Leach's driver qualifications and training that he, in fact, received or should have received (including any safety training regarding

turning the vehicle); (2) the hours Leach worked two weeks prior to the accident; (3) Leach's cell phone usage at the time of the accident; (4) Leach's disciplinary history prior to the accident; (5) Covenant's investigation into and reporting of the accident at issue (including the reports themselves of the accident); and (6) Covenant's policies as to how to conduct accident investigation generally.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order and Motion to Quash Defendant's Rule 45 Subpoena [#143] is **GRANTED** as follows: Defendants' notice of the deposition of Carmen Blake and accompanying subpoena are hereby quashed. Defendants may, however, take an additional deposition of Plaintiff Theresa Acuna, limited to one hour, on her employment relationship with her mother and the duties she performs or performed.

**IT IS FINALLY ORDERED** that all relief requested by any party but not granted expressly herein in Plaintiffs' Motion to Compel Defendant Covenant Transport, Inc.'s Production of Photographs, Films, Videotapes, Audiotapes, and Evidence of Same [#141], Plaintiffs' Memorandum in Support of Motion to Compel Defendant Covenant Transport, Inc.'s Corporate Representative to Answer Plaintiffs' Topics of Examination in Advance of Deposition [#142], Plaintiffs' Motion for Protective Order and Motion to Quash Defendant's Rule 45 Subpoena [#143], and Defendants' Motion for a Protective Order [#152] is **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 3rd day of February, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE