IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THERESA ACUNA, ASHLEY ACUNA, | § § | |
| *Plaintiffs,* | § § § | SA-20-CV-01102-XR |
| vs. | § § § | |
| COVENANT TRANSPORT, INC., CTG LEASING COMPANY, CHARLES JAMES LEACH, | § § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiffs' Motion for Protective Order and Motion to Quash Defendant's Rule 45 Subpoena to Alamo Osteopathic Physicians & Surgeons, CVS Pharmacy, Walgreens Pharmacy, UTHSCSA-UT Medicine, and South Texas Radiology Imaging Center [#232]. By their motion, Plaintiffs ask the Court to quash several depositions by written questions served on Plaintiffs' third-party medical providers because they were filed outside of the discovery period. Defendants have filed a response in opposition to the motion [#236], which the Court has considered in evaluating Plaintiffs' motion. For the reasons that follow, the Court will deny Plaintiffs' motion.

The discovery deadline in this case expired on April 8, 2022. Plaintiffs filed their motion to quash on May 2, 2022, more than three weeks after the expiration of the deadline. Local Rule CV-16(e) provides:

> Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery. Written discovery is not timely unless the

> response to that discovery would be due before the discovery deadline. The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline. Notices served before the discovery deadline that purport to schedule depositions after the discovery deadline will not be enforced.

W.D. Tex. Loc. R. CV-16(e). Plaintiffs' motion was not filed within 14 days after the discovery deadline and does not pertain to conduct occurring during the final seven days of discovery. Plaintiffs' motion concerns notices of depositions by written questions served on third-party medical providers seeking medical, radiology, and billing records on April 22, 2022, and April 27, 2022, discovery served weeks after the discovery deadline expired.

Plaintiffs argue that the Court should quash the depositions by written questions because the records sought were discoverable prior to the expiration of the discovery deadline. Defendants argue in response that the records do not constitute additional discovery because the medical records are already in Defendants' possession and they are merely seeking business records affidavits for purposes of authenticating the records to offer them at trial pursuant to the requirements of the Federal Rules of Evidence.

Both of these assertions may be true, but regardless of whether the discovery is proper or untimely, Rule 16 prohibits the filing of motions pertaining to discovery after the expiration of the discovery deadline absent exceptional circumstances. No exceptional circumstances are presented here, and the Court declines to entertain Plaintiffs' untimely motion to quash. The Court reminds the parties that Rule 16(e) also states that a responding party, such as the third parties served with depositions by written questions here, has no obligation to respond to untimely discovery.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order and Motion to Quash Defendant's Rule 45 Subpoena to Alamo Osteopathic Physicians & Surgeons,

CVS Pharmacy, Walgreens Pharmacy, UTHSCSA-UT Medicine, and South Texas Radiology Imaging Center [#232] is **DENIED**.

SIGNED this 17th day of May, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE