IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THERESA ACUNA, ASHLEY ACUNA,<br>*Plaintiffs*<br><br>-vs-<br><br>COVENANT TRANSPORT, INC., CTG LEASING COMPANY, CHARLES JAMES LEACH,<br>*Defendants* | § § § § § § § § § § § §<br><br>SA-20-CV-01102-XR |

# ORDER

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed May 4, 2022 (ECF No. 233), concerning Defendants' motion for summary judgment (ECF No. 165).

This is a personal-injury action arising out of a motor vehicle accident between a vehicle operated by Plaintiff Theresa Acuna, in which Plaintiff Ashley Acuna was a passenger, and a tractor-trailer operated by Defendant Charles Leach that was allegedly owned or leased by Defendants Covenant Transport, Inc. ("Covenant"), and CTG Leasing Company ("CTG"). Plaintiffs allege they sustained serious injuries from the accident due to the negligence of Defendants. Both Plaintiffs have undergone spinal surgeries, which they claim were necessary treatment for their injuries. The live pleading, Plaintiffs' Second Amended Complaint (ECF No. 27), asserts causes of action for negligence against Leach and negligence based on a theory of *respondeat superior* liability against Covenant and CTG.[1]

On January 28, 2022, Defendants filed a motion for summary judgment (ECF No. 165), seeking summary judgment on all claims against CTG on the basis that it is not a proper party to

---

[1] The District Court previously dismissed all claims against Covenant and CTG based on their direct negligence in entrusting, hiring, training, and supervising Leach, among other theories. ECF No. 14.

this suit. ECF No. 165. Specifically, Defendants argue that CTG is not a proper party to this suit because it was not an employer of Leach and thus cannot be held vicariously liable for his negligence in operating the tractor-trailer involved in the accident.

In Texas, the doctrine of *respondeat superior* liability imposes liability on an employer for the tortious acts of its employees when the employee's negligence, while acting with the course and scope of his employment, is the proximate cause of injury to another. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). To defeat a claim of vicarious liability, Defendants must establish as a matter of law either that: (1) Leach was not an employee; (2) no negligent act occurred; or (3) Leach was not acting within the course and scope of his employment at the time of the collision. *See Drooker v. Saeilo Motors*, 756 S.W.2d 394, 396 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (citing *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972)).

To establish that Leach was not employed by CTG, Defendants submitted the following summary judgment evidence: a crash report following the accident referencing Covenant and not CTG as the owner/lessee of the truck at issue (ECF No. 165-1); employment records for Leach listing Covenant and not CTG as the company conducting preemployment screening of Leach (ECF No. 165-2); and trip documents and invoices prepared by Covenant and not CTG (ECF No. 165-3).

Plaintiffs object that Defendants are judicially estopped from advancing this argument because they have admitted in numerous pleadings, court filings, and discovery responses in this case that CTG is the same entity as Covenant and that Leach was an employee of both companies. ECF No. 177 at 3–7; *see* ECF Nos. 177-1, 177-2, 177-3, 177-4, 177-9. Plaintiffs note that the Tennessee Department of Revenue Official Vehicle Registration for the truck lists CTG,

2

not Covenant, as the lessee/registrant (ECF No. 177-5) and submit various checkoff lists and repair invoices for the vehicle produced in discovery that were completed by or invoiced to CTG or that reflect both Covenant and CTG as the same entity, e.g., "Covenant Transport (CTG Leasing)." ECF Nos. 177-6, 177-7, 177-8.

Based on this record, the Magistrate Judge concluded that Defendants had not established as a matter of law that CTG was not a proper party to this suit. ECF No. 233 at 4. The Magistrate Judge observed that the records proffered by Defendants—the crash report, employment records, and trip documents and invoices—merely establish that Covenant is one of Leach's employers but do not preclude the possibility that Leach was also employed by CTG. *Id.* Moreover, Plaintiffs' summary judgment evidence—the Tennessee Department of Revenue Vehicle Registration and trip checklists and repair invoices referencing CTG and Covenant/CTG collectively—raise a genuine issue of material fact as to whether CTG was Leach's employer. *Id.*

The Magistrate Judge further concluded that, at this stage of the proceedings, Defendants are judicially estopped from taking the position that CTG is not Leach's employer based on their binding assertions in previous submissions to this Court that Covenant and CTG are the same entity. *Id.* "Judicial estoppel is an equitable doctrine that prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008) (internal citation and quotation omitted). "[F]actual assertions in pleadings . . . are considered to be judicial admissions conclusively binding on the party who made them." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). A party therefore may not rebut a judicial admission made in its pleadings with new evidence or testimony. *See Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 107–08 (5th Cir. 1987).

In the Notice of Removal filed by Defendants, Defendants refer to Covenant and CTG collectively as "Covenant" and expressly state that "CTG Leasing Company is the same entity as Covenant" multiple times throughout the filing, including in the jurisdictional allegations regarding Covenant's and CTG's citizenship. ECF No. 177-1 at 1, 2. Subsequently, in an early motion to dismiss, Defendants reiterated that "CTG Leasing Company is Covenant, they are the same entity." ECF No. 177-2, at 1. Moreover, Defendants have collectively admitted in their discovery responses that Leach was their employee at the time of the accident and that they entrusted the vehicle driven by Leach for their benefit and the scope and purpose of employment with both companies. ECF No. 177-3 at 3 (Resps. to Requests for Admission). The Magistrate Judge concluded that these representations to the Court are binding, and Defendants are judicially estopped from contradicting these admissions. ECF No. 233 at 5–6.

Accordingly, the Magistrate Judge recommended that the motion for summary judgment be denied not only due to Defendants' failure to carry their summary judgment burden on the fact question of employer status but also because Defendants' own judicial admissions throughout the pleadings and discovery in this case preclude them from taking a contrary position on the eve of trial. *Id.* at 6.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was entered on May 4, 2022. *See* ECF No. 233. No objections have been filed. Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation that Defendants' motion for summary judgment (ECF No. 165) be **DENIED**.

It is so **ORDERED**.

SIGNED this 1st day of June, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE